UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

E.J. BROOKS COMPANY d/b/a,                          12 Civ. 2937 (KMK)
TYDENBROOKS,

                              Plaintiff,

                                                    **ANSWER**

            v.


CAMBRIDGE SECURITY SEALS, CAMBRIDGE
RESOURCES, BRIAN LYLE, JACK WALLIN,
JUSTIN HAYES, FERNANDO DaROSA,
MICHAEL GIZZARELLI,
GURMEET SINGH GROVER, RICHARD
WEIGAND and JOHANNA BRIDGES,

                              Defendants.

-------------------------------------------------------------------X


        The Defendants CAMBRIDGE SECURITY SEALS and CAMBRIDGE RESOURCES

(collectively, the "Cambridge Defendants"), by and through their attorneys, ANDREW

GREENE & ASSOCIATES, P.C., hereby respond to the Verified Complaint as follows:


        1.      Deny the allegations set forth in paragraph 1 of the Verified Complaint.


        2.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 2 of the Verified Complaint.


        3.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 3 of the Verified Complaint concerning Plaintiff's alleged

investment in the referred to manufacturing process.  Deny the remaining allegations set forth in

paragraph 3 of the Verified Complaint.

4.      Deny the allegations set forth in paragraph 4 of the Verified Complaint.

5.      Deny the allegations set forth in paragraph 5 of the Verified Complaint.

6.      Paragraph 6 states legal conclusions to which the Cambridge Defendants need not respond.  To the extent any response to those allegations is necessary, the Cambridge Defendants deny them.

7.      Paragraph 7 states legal conclusions to which the Cambridge Defendants need not respond.  To the extent any response to those allegations is necessary, the Cambridge Defendants deny them.

8.      Deny the allegations set forth in paragraph 8 of the Verified Complaint, except admit that Defendants Cambridge Security Seals ("CSS") and Cambridge Resources ("Cambridge")  reside in New York.

9.      Deny the allegations set forth in paragraph 9 of the Verified Complaint.

10.      Paragraph 10 states legal conclusions to which the Cambridge Defendants need not respond.  To the extent any response to those allegations is necessary, the Cambridge Defendants deny them.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Verified Complaint.

12.      Admit the allegations set forth in paragraph 12 of the Verified Complaint.

13.      Deny the allegations set forth in paragraph 13 of the Verified Complaint.

14.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Verified Complaint.

15.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Verified Complaint.

16.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Verified Complaint.

17.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Verified Complaint.

18.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Verified Complaint.

19.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Verified Complaint.

20.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Verified Complaint.

21.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Verified Complaint.

22.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Verified Complaint, except admit that Plaintiff is a manufacturer and marketer of security seals.

23.      Admit the allegations set forth in paragraph 23 of the Verified Complaint.

24.    Deny the allegations set forth in paragraph 24 of the Verified Complaint, except admit that heavy duty seals and indicative seals are among the variety of security seals available in the marketplace.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Verified Complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Verified Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Verified Complaint, except refer to the Court the issue of Plaintiff's standing, right and ability to prosecute this action.

28.    Admit the allegations set forth in paragraph 28 of the Verified Complaint.

29.    Deny the allegations set forth in paragraph 29 of the Verified Complaint, except refer the Court to the contents of Plaintiff's Verified Complaint as to what this action concerns.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Verified Complaint.

31.    Deny the allegations set forth in paragraph 31 of the Verified Complaint, except admit that a two-part seal has two parts and a one-part seal has one part and that the two kinds of seals are different.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Verified Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Verified Complaint, except deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Verified Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Verified Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Verified Complaint, except deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

37.     Deny the allegations set forth in paragraph 37 of the Verified Complaint, except admit, upon information and belief, that Plaintiff employed Defendants Michael Gizzarelli, Fernando DaRosa, Gurmeet Singh Grover ("Grover Singh"), Richard Weigand, and Johanna Bridges at some point in time.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Verified Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Verified Complaint, except deny that the

"Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

40.    Deny the allegations set forth in paragraph 40 of the Verified Complaint.

41.    Deny the allegations set forth in paragraph 41 of the Verified Complaint.

42.    Deny the allegations set forth in paragraph 42 of the Verified Complaint.

43.    Deny the allegations set forth in paragraph 43 of the Verified Complaint.

44.    Deny the allegations set forth in paragraph 44 of the Verified Complaint.

45.    With respect to the contents of Plaintiff's "employment agreements and policies" described in paragraph 45 of the Verified Complaint, the Cambridge Defendants refer to said documents for the terms, conditions and legal effect thereof, if any.

46.    Deny the allegations set forth in paragraph 46 of the Verified Complaint.

47.    Deny the allegations set forth in paragraph 47 of the Verified Complaint.

48.    Deny the allegations set forth in paragraph 48 of the Verified Complaint.

49.    Deny the allegations set forth in paragraph 49 of the Verified Complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Verified Complaint, except deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Verified Complaint, except deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Verified Complaint, except deny that the customer related information Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary information.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Verified Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Verified Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Verified Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Verified Complaint, except deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Verified Complaint, except deny that the

"Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Verified Complaint, except deny that the customer related information and relationships Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary information, knowledge and/or asset.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Verified Complaint, except deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Verified Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Verified Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Verified Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Verified Complaint, except admit that Defendant Brian Lyle works for CSS.

64.     Admit the allegations set forth in paragraph 64 of the Verified Complaint.

65.     Deny the allegations set forth in paragraph 65 of the Verified Complaint.

66.     Deny the allegations set forth in paragraph 66 of the Verified Complaint.

67.     Deny the allegations set forth in paragraph 67 of the Verified Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Verified Complaint.  Deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Verified Complaint, except admit that Defendant Michael Gizzarelli began working for CSS in or about January 2011.  Deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Verified Complaint, except admit that Defendant Fernando DaRosa works for CSS.  Deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Verified Complaint, except admit that Defendant Gurmeet Singh Grover ("Grover Singh") works for CSS.  Deny that the "Confidential Process"

Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Verified Complaint, except admit that Defendant Johanna Bridges works for CSS.  Deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Verified Complaint, except admit that Defendant Richard Weigand works for CSS.  Deny that the "Confidential Process" Plaintiff refers to is protectable as a trade secret or any other form of confidential or proprietary process, property, idea, information, knowledge and/or asset.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Verified Complaint, except admit that Defendants Justin Hayes and Jack Wallin work for CSS.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Verified Complaint, except deny that Defendant Justin Hayes "began working for Cambridge in May 2009."

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Verified Complaint, except admit that Defendant Jack Wallin began working for CSS in or about January 2011.

77.     Deny the allegations set forth in paragraph 77 of the Verified Complaint.

78.     Deny the allegations set forth in paragraph 78 of the Verified Complaint.

79.     Deny the allegations set forth in paragraph 79 of the Verified Complaint.

80.     Deny the allegations set forth in paragraph 80 of the Verified Complaint.

81.     With respect to the contents of Defendant CSS's November 2011 announcement described in paragraph 81 of the Verified Complaint, the Cambridge Defendants refer to said announcement for the contents thereof.

82.     With respect to the contents of Defendant CSS's February 3, 2012 press release described in paragraph 82 of the Verified Complaint, the Cambridge Defendants refer to said document for the contents thereof.  The Cambridge Defendants admit that CSS's Heavy Duty Pull Tight Seal referred to in paragraph 82 of the Verified Complaint is directly competitive with Plaintiff's Tug Tight Adjustable Seal.

83.     With respect to the contents of Defendant CSS's March 19, 2012 press release described in paragraph 83 of the Verified Complaint, the Cambridge Defendants refer to said press release for the contents thereof.  The Cambridge Defendants admit that CSS's Plastic Truck Seal referred to in paragraph 83 of the Verified Complaint is directly competitive with Plaintiff's Plastic Truck Seal.

84.     Deny the allegations set forth in paragraph 84 of the Verified Complaint.

85.     Deny the allegations set forth in paragraph 85 of the Verified Complaint.

86.     Deny the allegations set forth in paragraph 86 of the Verified Complaint.

87.     Deny the allegations set forth in paragraph 87 of the Verified Complaint.

88.     Deny the allegations set forth in paragraph 88 of the Verified Complaint.

89.     Deny the allegations set forth in paragraph 89 of the Verified Complaint.

90.     Deny the allegations set forth in paragraph 90 of the Verified Complaint.

91.     Deny the allegations set forth in paragraph 91 of the Verified Complaint.

92.     Deny the allegations set forth in paragraph 92 of the Verified Complaint.

93.     Deny the allegations set forth in paragraph 93 of the Verified Complaint.

94.     With respect to the contents of the December 2010 announcement made by Defendant CSS described in paragraph 94 of the Verified Complaint, the Cambridge Defendants refer to said announcement for the contents thereof.

95.     Deny the allegations set forth in paragraph 95 of the Verified Complaint, except admit that Defendant CSS hired some people who had previously worked for Plaintiff.

96.     With respect to the contents of the announcement made by Defendant CSS described in paragraph 96 of the Verified Complaint, the Cambridge Defendants refer to said announcement for the contents thereof.

97.     Deny the allegations set forth in paragraph 97 of the Verified Complaint, except admit that Plaintiff was a provider of security seals.

98.     With respect to the contents of the announcement made by Defendant CSS described in paragraph 98 of the Verified Complaint, the Cambridge Defendants refer to said

announcement for the contents thereof.  The Cambridge Defendants deny that any of the individuals on the "team" CSS referred to in said announcement were at that time employed by Plaintiff.

99.     With respect to the contents of Defendant CSS's November 17, 2012 press release described in paragraph 99 of the Verified Complaint, the Cambridge Defendants refer to said press release for the contents thereof.

100.     With respect to the contents of Defendant CSS's November 17, 2012 press release described in paragraph 100 of the Verified Complaint, the Cambridge Defendants refer to said press release for the contents thereof.

101.     Deny the allegations set forth in paragraph 101 of the Verified Complaint.

102.     Deny the allegations set forth in paragraph 102 of the Verified Complaint.

103.     Deny the allegations set forth in paragraph 103 of the Verified Complaint.

104.     Defendants repeat and incorporate by reference herein their responses to paragraphs 1 through 103.

105.     Deny the allegations set forth in paragraph 105 of the Verified Complaint.

106.     Deny the allegations set forth in paragraph 106 of the Verified Complaint.

107.     Deny the allegations set forth in paragraph 107 of the Verified Complaint.

108.     Deny the allegations set forth in paragraph 108 of the Verified Complaint.

109.     Deny the allegations set forth in paragraph 109 of the Verified Complaint.

110.    Deny the allegations set forth in paragraph 110 of the Verified Complaint.

111.    Deny the allegations set forth in paragraph 111 of the Verified Complaint.

112.    Deny the allegations set forth in paragraph 112 of the Verified Complaint.

113.    Deny the allegations set forth in paragraph 113 of the Verified Complaint.

114.    Deny the allegations set forth in paragraph 114 of the Verified Complaint.

115.    Deny the allegations set forth in paragraph 115 of the Verified Complaint.

116.    Defendants repeat and incorporate by reference herein their responses to paragraphs 1 through 115.

117.    Deny the allegations set forth in paragraph 117 of the Verified Complaint.

118.    Deny the allegations set forth in paragraph 118 of the Verified Complaint.

119.    Deny the allegations set forth in paragraph 119 of the Verified Complaint.

120.    Deny the allegations set forth in paragraph 120 of the Verified Complaint.

121.    Deny the allegations set forth in paragraph 121 of the Verified Complaint.

122.    Deny the allegations set forth in paragraph 122 of the Verified Complaint.

123.    Deny the allegations set forth in paragraph 123 of the Verified Complaint.

124.    Deny the allegations set forth in paragraph 124 of the Verified Complaint.

125.    Deny the allegations set forth in paragraph 125 of the Verified Complaint.

126.     Deny the allegations set forth in paragraph 126 of the Verified Complaint.

127.     Defendants repeat and incorporate by reference herein their responses to paragraphs 1 through 126.

128.     Deny the allegations set forth in paragraph 128 of the Verified Complaint.

129.     Deny the allegations set forth in paragraph 129 of the Verified Complaint.

130.     Deny the allegations set forth in paragraph 130 of the Verified Complaint.

131.     Defendants repeat and incorporate by reference herein their responses to paragraphs 1 through 130.

132.     Deny the allegations set forth in paragraph 132 of the Verified Complaint.

133.     Deny the allegations set forth in paragraph 133 of the Verified Complaint.

134.     Deny the allegations set forth in paragraph 134 of the Verified Complaint.

135.     Deny the allegations set forth in paragraph 135 of the Verified Complaint.

136.     Deny the allegations set forth in paragraph 136 of the Verified Complaint.

137.     Deny the allegations set forth in paragraph 137 of the Verified Complaint.

138.     Defendants repeat and incorporate by reference herein their responses to paragraphs 1 through 137.

139.     Deny the allegations set forth in paragraph 139 of the Verified Complaint.

140.    Deny the allegations set forth in paragraph 140 of the Verified Complaint.

141.    Deny the allegations set forth in paragraph 141 of the Verified Complaint.

142.    Deny the allegations set forth in paragraph 142 of the Verified Complaint.

143.    Deny the allegations set forth in paragraph 143 of the Verified Complaint.

144.    Deny the allegations set forth in paragraph 144 of the Verified Complaint.

145.    Deny the allegations set forth in paragraph 145 of the Verified Complaint.

146.    Deny the allegations set forth in paragraph 146 of the Verified Complaint.

147.    Deny the allegations set forth in paragraph 147 of the Verified Complaint.

148.    Defendants repeat and incorporate by reference herein their responses to paragraphs 1 through 147.

149.    Deny the allegations set forth in paragraph 149 of the Verified Complaint.

150.    Deny the allegations set forth in paragraph 150 of the Verified Complaint.

151.    Deny the allegations set forth in paragraph 151 of the Verified Complaint.

152.    Deny the allegations set forth in paragraph 152 of the Verified Complaint.

153.    Deny the allegations set forth in paragraph 153 of the Verified Complaint.

154.    Deny the allegations set forth in paragraph 154 of the Verified Complaint.

155.    Deny the allegations set forth in paragraph 155 of the Verified Complaint.

156.     Defendants repeat and incorporate by reference herein their responses to paragraphs 1 through 155.

157.     Deny the allegations set forth in paragraph 157 of the Verified Complaint.

158.     Deny the allegations set forth in paragraph 158 of the Verified Complaint.

159.     Deny the allegations set forth in paragraph 159 of the Verified Complaint.

160.     Deny the allegations set forth in paragraph 160 of the Verified Complaint.

161.     Deny the allegations set forth in paragraph 161 of the Verified Complaint.

162.     Deny the allegations set forth in paragraph 162 of the Verified Complaint.

163.     Defendants repeat and incorporate by reference herein their responses to paragraphs 1 through 162.

164.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164 of the Verified Complaint.

165.     Deny the allegations set forth in paragraph 165 of the Verified Complaint.

166.     Deny the allegations set forth in paragraph 166 of the Verified Complaint.

167.     Deny the allegations set forth in paragraph 167 of the Verified Complaint.

168.     Deny the allegations set forth in paragraph 168 of the Verified Complaint.

169.     Deny the allegations set forth in paragraph 169 of the Verified Complaint.

170.    Deny the allegations set forth in paragraph 170 of the Verified Complaint.

171.    Deny the allegations set forth in paragraph 171 of the Verified Complaint.

172.    Deny the allegations set forth in paragraph 172 of the Verified Complaint.

173.    Defendants repeat and incorporate by reference herein their responses to paragraphs 1 through 172.

174.    Deny the allegations set forth in paragraph 174 of the Verified Complaint.

175.    Deny the allegations set forth in paragraph 175 of the Verified Complaint.

176.    Deny the allegations set forth in paragraph 176 of the Verified Complaint.

177.    No response to the allegations set forth in paragraph 177 is required.

## FIRST AFFIRMATIVE DEFENSE

178.    This Court lacks personal jurisdiction over Defendant Cambridge Resources.

## SECOND AFFIRMATIVE DEFENSE

179.    Each cause of action fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

180.    This Court lacks subject-matter jurisdiction over the state law claims made in Count III, IV, V, VI, VII, VIII, and IX as there is no supplemental jurisdiction in connection with the federal claims made in Count I or II under the Lanham Act because both of those counts fail to state a claim upon which relief may be granted.

WHEREFORE, the Cambridge Defendants demand judgment dismissing the Verified Complaint and for such other and further relief as this Court may deem fair and proper.

Dated:  White Plains, New York
       May 14, 2012

                          ANDREW GREENE & ASSOCIATES, P.C.

                             **s/John V. D'Amico**
                         By: _____
                             John V. D'Amico (JD 4237)
                         202 Mamaroneck Avenue
                         White Plains, NY 10601
                         (914) 948-4800
                         jd@aglaws.net
                         Attorneys for Defendants Cambridge Resources
                         and Cambridge Security Seals

TO:    Nicole D. Galli, Esq.
        BENESCH, FRIEDLANDER, COPLAN
        & ARONOFF LLP
        One Liberty Place
        1650 Market Street, Suite 3611
        Philadelphia, PA 19103
        Attorneys for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

Case Name:                E.J. BROOKS COMPANY d/b/a, TYDENBROOKS

                                             v.

                                CAMBRIDGE SECURITY SEALS, CAMBRIDGE RESOURCES, et al.


Court File No.:          12 Civ. 2937 (KMK)


        I, John V. D'Amico, hereby certify that on May 14, 2012, I electronically filed the

Answer of Defendants Cambridge Security Seals and Cambridge Resources and this Certificate

of Service with the Clerk of the Court using the CM/ECF System, which shall send notification

of such filing to Plaintiff's counsel as follows:

        Nicole Dominique Galli          ngalli@beneschlaw.com

        Julia M. Leo                    jleo@beneschlaw.com

        Matthew D. Gurbach              mgurbach@beneschlaw.com

        Sarah R. Stafford               sstafford@beneschlaw.com

        Steven M. Auvil                 sauvil@beneschlaw.com


        In addition, the aforementioned documents were served vial first class mail this 14th day

of May upon the following:

        Nicole D. Galli, Esq.
        BENESCH, FRIEDLANDER, COPLAN
        & ARONOFF LLP
        One Liberty Place
        1650 Market Street, Suite 3611
        Philadelphia, PA 19103


                                                **s/John V. D'Amico**
                                                _____

                                                John V. D'Amico