UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| E.J. BROOKS COMPANY d/b/a TYDENBROOKS, | : : : |
| Plaintiff, | : Case No. 12-CV-2937 (LAP) : |
| - against - | : : |
| CAMBRIDGE SECURITY SEALS, *et al.*, | : : |
| Defendants. | : : |

---

## PROPOSED JURY INSTRUCTIONS
## <u>FOR TRIAL, PHASE I</u>

## TABLE OF CONTENTS

Page

I.  PRE-TRIAL JURY INSTRUCTIONS ...............................................................................1

PROPOSED INSTRUCTION NO. 1:  NATURE OF THE CASE ....................................1

PROPOSED INSTRUCTION NO. 2:  ORDER OF TRIAL ..............................................3

PROPOSED INSTRUCTION NO. 3:  PROVINCE OF THE JUDGE AND JURY ..........4

PROPOSED INSTRUCTION NO. 4:  JURY CONDUCT .................................................5

PROPOSED INSTRUCTION NO. 5:  EVIDENCE IN THE CASE ..................................7

PROPOSED INSTRUCTION NO. 6:  WHAT IS NOT EVIDENCE IN THE
CASE ...............................................................................................................................9

DEFENDANTS' PROPOSED INSTRUCTION NO. 7:  NO INFERENCE FROM
FILING SUIT.................................................................................................................10

PROPOSED INSTRUCTION NO. 8:  BURDEN OF PROOF ........................................11

PROPOSED INSTRUCTION NO. 9:  DIRECT AND CIRCUMSTANTIAL
EVIDENCE....................................................................................................................13

PROPOSED INSTRUCTION NO. 10:  RULING ON OBJECTIONS.............................14

PROPOSED INSTRUCTION NO. 11:  COMMENTS ON THE EVIDENCE ................15

PROPOSED INSTRUCTION NO. 12:  JUDGE'S QUESTIONS TO
WITNESSES...................................................................................................................16

PROPOSED INSTRUCTION NO. 13:  QUESTIONS BY JURORS
PROHIBITED.................................................................................................................17

PROPOSED INSTRUCTION NO. 14:  STIPULATIONS AT PRETRIAL
CONFERENCE ..............................................................................................................18

PROPOSED INSTRUCTION NO. 15:  NOTE TAKING PERMITTED .........................19

PROPOSED INSTRUCTION NO. 15 – ALTERNATE:  NOTE TAKING NOT
PERMITTED ..................................................................................................................20

PROPOSED INSTRUCTION NO. 16:  BENCH CONFERENCES.................................21

PROPOSED INSTRUCTION NO. 17:  CAUTIONARY INSTRUCTION
BEFORE COURT RECESS............................................................................................22

i

II.     POST-TRIAL JURY INSTRUCTIONS ............................................................................ 24

        PROPOSED INSTRUCTION NO. 18: GENERAL INTRODUCTION –
        PROVINCE OF THE COURT AND JURY ........................................................ 24

        PROPOSED INSTRUCTION NO. 19: WITNESS CREDIBILITY ................................ 25

        PROPOSED INSTRUCTION NO. 20: NUMBER OF WITNESSES ............................. 27

        PROPOSED INSTRUCTION NO. 21: EXPERT WITNESSES ..................................... 28

        PROPOSED INSTRUCTION NO. 22: EFFECT OF INCONSISTENT
        STATEMENT OR CONDUCT ............................................................................. 30

        PROPOSED INSTRUCTION NO. 23: DEPOSITIONS AS EVIDENCE ...................... 31

        PROPOSED INSTRUCTION NO. 24: SUMMARIES AND CHARTS NOT
        ADMITTED AS EVIDENCE ................................................................................ 32

        PROPOSED INSTRUCTION NO. 25: CORPORATE PARTY INVOLVED ............... 33

        PROPOSED INSTRUCTION NO. 26: MULTIPLE DEFENDANTS ............................ 34

III.    SUBSTANTIVE LAW & DAMAGES ............................................................................ 35

        PLAINTIFF'S PROPOSED INSTRUCTION NO. 27: MISAPPROPRIATION
        OF TRADE SECRETS ......................................................................................... 35

        DEFENDANTS' PROPOSED INSTRUCTION NO. 27-A:
        MISAPPROPRIATION OF TRADE SECRETS .................................................. 44

        PLAINTIFF'S PROPOSED INSTRUCTION NO. 28: COMMON LAW
        CONSPIRACY TO MISAPPROPRIATE TRADE SECRETS ............................ 48

        DEFENDANTS' PROPOSED INSTRUCTION NO. 28-A: COMMON LAW
        CONSPIRACY TO MISAPPROPRIATE TRADE SECRETS ............................ 52

        PLAINTIFF'S PROPOSED INSTRUCTION NO. 29: UNFAIR COMPETITION ........ 55

        DEFENDANTS' PROPOSED INSTRUCTION NO. 29-A: UNFAIR
        COMPETITION ................................................................................................... 58

        PLAINTIFF'S PROPOSED INSTRUCTION NO. 30: UNJUST ENRICHMENT ......... 60

        DEFENDANTS' PROPOSED INSTRUCTION NO. 30-A: UNJUST
        ENRICHMENT ..................................................................................................... 62

        PLAINTIFF'S PROPOSED INSTRUCTION NO. 31: DAMAGES
        GENERALLY ........................................................................................................ 64

PROPOSED INSTRUCTION NO. 32:  EFFECT OF CONSPIRACY FINDING
ON DAMAGES ........................................................................................68

PLAINTIFF'S PROPOSED INSTRUCTION NO. 33:  AVOIDED COSTS AS
COMPENSATORY DAMAGES FOR ALL CLAIMS .......................................69

DEFENDANTS' PROPOSED INSTRUCTION NO. 33-A:  COMPENSATORY
DAMAGES GENERALLY ...................................................................................71

DEFENDANTS' PROPOSED INSTRUCTION NO. 33-B:  DAMAGES
CAUSED BY MISAPPROPRIATION OF TRADE SECRETS ..........................72

DEFENDANTS' PROPOSED INSTRUCTION NO. 33-C:  DAMAGES
CAUSED BY UNFAIR COMPETITION .............................................................74

DEFENDANTS' PROPOSED INSTRUCTION NO. 33-D:  DAMAGES
CAUSED BY UNJUST ENRICHMENT ..............................................................75

PLAINTIFF'S PROPOSED INSTRUCTION NO. 34:  PUNITIVE DAMAGES
FOR CLAIMS OF UNFAIR COMPETITION, CONSPIRACY, AND
MISAPPROPRIATION OF TRADE SECRETS ...................................................76

DEFENDANTS' PROPOSED INSTRUCTION NO. 34-A:  PUNITIVE
DAMAGES ............................................................................................................79

DEFENDANTS' PROPOSED INSTRUCTION NO. 35:  OBJECTIVE
BASELESSNESS ...................................................................................................81

PLAINTIFF'S PROPOSED INSTRUCTION NO. 35-A:  OBJECTIVE
BASELESSNESS ...................................................................................................82

IV.    CLOSING INSTRUCTIONS ...........................................................................83

PROPOSED INSTRUCTION NO. 36:  DUTY TO DELIBERATE ...............................83

PROPOSED INSTRUCTION NO. 37:  ELECTION OF FOREPERSON—
GENERAL VERDICT...........................................................................................84

PROPOSED INSTRUCTION NO. 38:  VERDICT FORMS – JURY'S
RESPONSIBILITY................................................................................................85

PROPOSED INSTRUCTION NO. 39:  RIGHT TO SEE EXHIBITS AND HEAR
TESTIMONY;  COMMUNICATIONS WITH THE COURT ............................86

KL3 3012355.1

The parties by their counsel respectfully submit the attached Proposed Jury Instructions for Trial, Phase I and respectfully reserve the right to add, subtract, or modify the same prior to the jury's commencement of its deliberations.

Dated:  April 8, 2015

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____

Daniel B. Goldman, Esq.
1177 Avenue of the Americas
New York, NY  10036
Telephone:  212.715.9100
Facsimile:  212.715.8000
dgoldman@kramerlevin.com
*Attorneys for Plaintiff*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: _____

Howard Schub, Esq.
1633 Broadway
New York, NY  10019
Telephone:  212.506.1729
Facsimile:  212.835.5029
hschub@kasowitz.com
*Attorneys for Defendants*

## I.    PRE-TRIAL JURY INSTRUCTIONS

### PROPOSED INSTRUCTION NO. 1:

#### NATURE OF THE CASE

Members of the jury, we are set to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have so that you will have a better understanding of what will be presented before you and how you should conduct yourself during the trial.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

The party that brings the lawsuit is called the "Plaintiff." In this action, the Plaintiff is TydenBrooks. The party against whom the suit is brought is called the "Defendant." In this action, the Defendants are Cambridge Security Seals, Brian Lyle, Grover Singh, and Michael Gizzarelli. I will refer to Cambridge Security Seals as "CSS" and will refer to the collective group of defendants as the Defendants.

The positions of the parties can be summarized as follows:

**PLAINTIFF PROPOSES:** TydenBrooks asserts that it devoted considerable time, expense, labor and skill over the years to develop a unique and fully-automated process for manufacturing plastic indicative seals. TydenBrooks contends that the Defendants copied its manufacturing process and asserts claims against the Defendants for misappropriation of trade secrets, conspiracy, unfair competition and unjust enrichment. The Defendants deny these claims.

**[OBJECTION:  Defendants object to the language highlighted above.]**

**DEFENDANTS PROPOSE:** Plaintiff TydenBrooks asserts its four claims under New York common law, alleging that the Defendants misappropriated TydenBrooks's purported trade secret, conspired to misappropriate TydenBrooks's purported trade secret, engaged in unfair competition and, as a result, the Defendants were unjustly enriched. The Defendants deny that Plaintiff has a trade secret or that they engaged in any conspiracy or unfair competition or otherwise have violated any laws. Defendants assert that Plaintiff's claims are objectively baseless.

[OBJECTION: Plaintiff objects to the language highlighted above. Any reference to plaintiff's claims as "objectively baseless" is relevant only to Phase II of the trial.]

## PROPOSED INSTRUCTION NO. 2:

### ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements. An opening statement is not evidence; it is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

The Plaintiff will then present evidence in support of its claims and the attorneys for the Defendants may cross-examine the Plaintiff's witnesses. At the conclusion of the Plaintiff's case, the Defendants may introduce evidence and the Plaintiff's lawyers may cross-examine the Defendants' witnesses. The Defendants are not required to introduce any evidence or to call any witnesses. If, however, the Defendants do introduce evidence, the Plaintiff may present rebuttal evidence.

After the evidence is presented, the lawyers for each side will make closing arguments explaining what they believe the evidence has shown. A closing argument also is not evidence.

At the conclusion of the trial, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.[1]

---

[1] Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 101:02 (6th ed. 2014).

3

## **PROPOSED INSTRUCTION NO. 3:**

### PROVINCE OF THE JUDGE AND JURY

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts, unless I direct you that a fact has been established for purposes of this case, in which event you must accept it as true. You are required to accept the law as I instruct you, whether or not you agree with it.[2]

---

[2]     Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 101.10 (6th ed. 2014).

4

## PROPOSED INSTRUCTION NO. 4:

### JURY CONDUCT

To ensure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. This includes members of your family and your friends. You may inform people you are a juror, but you may not speak to them about this case.

3.      Outside of the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately. You also should not communicate with your fellow jurors outside of the courtroom or jury room, and that includes contacting fellow jurors on the internet or through social media sites while the trial is pending.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own. This applies to internet searches of the parties or

anything related to this case.  What is said on the internet may or may not be true, and information you learn outside of the courtroom cannot be allowed to influence your decision in this case in any way.  It is vital to our system of justice that decisions in a case be made based upon the facts that are presented in the courtroom.

       7.     Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all of the evidence.

       8.     If you need to tell me something, simply give a signed note to the clerk to give to me.[3]

---

[3]     Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 101.11 (6th ed. 2014).

6

## PROPOSED INSTRUCTION NO. 5:

### EVIDENCE IN THE CASE

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or particular exhibit may be considered by you in making the decisions you must make at the end of the case. The evidence in the case will consist of the following:

1. The sworn testimony of any witness, including testimony in the form of a deposition;

2. The exhibits that are received in evidence;

3. Any facts that the parties have agreed to, which must be accepted as true; and

4. Any facts I tell you have been established, which also must be accepted as true.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.

Statements and arguments by the lawyers are not evidence, unless made as an admission or a stipulation of a fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

7

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your everyday experience with people and events.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.[4]

---

[4]     Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* §§ 101.40, 103.34 (6th ed. 2014).

## **PROPOSED INSTRUCTION NO. 6:**

### WHAT IS NOT EVIDENCE IN THE CASE

In deciding the facts of this case, you are not to consider the following as

evidence: statements and arguments of the lawyers; questions and objections of the lawyers;

testimony that I instruct you to disregard; and anything you may see or hear when the court is not

in session even if what you see or hear is done or said by one of the parties or by one of the

witnesses.[5]

---

5       3 Fed. Jury Prac. & Instr. § 101:44 (6th ed.).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 7:

### NO INFERENCE FROM FILING SUIT

The fact that a person or company brought a lawsuit and is in court seeking

damages creates no inference that the person or company is entitled to a judgment. Anyone may

make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any

way tend to establish that claim and is not evidence.[6]

**[OBJECTION:  Plaintiff objects to Defendants' Proposed Instruction No. 7 in its entirety.]**

---

[6]     Model Civ. Jury Instr. 5th Cir. 3.03 (2014).

10

## PROPOSED INSTRUCTION NO. 8:

### BURDEN OF PROOF

The Plaintiff has the burden in a civil action, such as this, to prove every essential element of each of its claims. If the Plaintiff should fail to establish any essential element of a claim, you should find for the Defendants as to that claim. In this case, the Plaintiff must establish its claims by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely than not to have occurred. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind the conclusion that what is sought to be proved is more likely true than not true. If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and you must find in favor of the Defendants on that issue. If, however, the evidence tips at least 51% in favor of the Plaintiff on a particular issue, then that issue has been proven by a preponderance of the evidence, and you must find in favor of the Plaintiff on that issue.

**[OBJECTION: Defendants object to the sentence highlighted immediately above.]**

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[7]

---

[7]     Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* §§ 101:41, 104:01 (6th ed. 2014); N.Y. Pattern Jury Instr.--Civil 1:64 (West 2013); *see also* 11th Cir. Pattern Civ. Jury Instr. 6.2 (2005) (adapted).

11

If the proof fails to establish any essential part of Plaintiff's claims by the greater

weight of the evidence you should find against Plaintiff on that claim.

**[OBJECTION:  Plaintiff objects to the sentence highlighted immediately above.]**

## PROPOSED INSTRUCTION NO. 9:

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence that you may properly consider in finding the truth as to the facts in this case. One is direct evidence and the other is circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly tends to prove the existence or non-existence of certain facts. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. The wet sidewalk is circumstantial evidence that it rained the night before. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

It is your job to decide how much weight to give the direct and circumstantial evidence in this case. The law generally makes no distinction between the weight that you should give to either one, and the law does not say that one type of evidence is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.[8]

---

[8]     Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* §§ 101:42; 104:05; 160:55 (6th ed. 2014); Pattern Crim. Jury Instr. 6th Cir., Ch. 1.06 (2013 ed.); *see also* Fed. Civ. Jury Intr. 7th Cir. 1.12 (2010) (adapted).

13

## PROPOSED INSTRUCTION NO. 10:

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider evidence that I have ordered stricken from the record.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.[9]

---

[9]     Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 101:49 (6th ed. 2014).

14

## PROPOSED INSTRUCTION NO. 11:

### COMMENTS ON THE EVIDENCE

It is your role to determine the facts. I have not formed any opinion about the facts of this case, and you should not be concerned about or speculate over what my opinion would be if I were to form one. If I say or do anything that leads you to suspect that I have any opinion about the facts in this case, you are instructed to disregard it. You may not draw any inference from a question to which I sustain an objection.[10]

---

[10]   Adapted from 4 L. Sand et al., *Modern Federal Jury Instructions - Civil* § 71.01 (2014).

## PROPOSED INSTRUCTION NO. 12:

JUDGE'S QUESTIONS TO WITNESSES

During the trial, I may sometimes ask a witness questions.  Please do not assume from any of my questions that I have any opinion about the subject matter of my questions or about any answers a witness gives.[11]

---

[11]  Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 101.30 (6th ed. 2014).

## **PROPOSED INSTRUCTION NO. 13:**

### QUESTIONS BY JURORS PROHIBITED

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will address your concern.[12]

---

[12]     Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 101.18 (6th ed. 2014).

## PROPOSED INSTRUCTION NO. 14:

### STIPULATIONS AT PRETRIAL CONFERENCE

Before the trial of this case, the court held a conference with the lawyers for both parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

[Read the stipulations.]

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.[13]

---

[13]     Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 101.47 (6th ed. 2014).

## PROPOSED INSTRUCTION NO. 15:

### NOTE TAKING PERMITTED

During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit note taking by jurors, a word of caution is in order. You must not allow your note taking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.[14]

---

[14]    Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 101.15 (6th ed. 2014).

## **PROPOSED INSTRUCTION NO. 15 – ALTERNATE:**

### NOTE TAKING NOT PERMITTED

        I do not believe that it would be useful or helpful for you to take notes during the

trial. Takings notes may distract you so that you cannot give attention to all the testimony.

Please do not take any notes while you are in the courtroom.[15]

---

[15]      Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 101.16 (6th ed. 2014).

## PROPOSED INSTRUCTION NO. 16:

<u>BENCH CONFERENCES</u>

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case, or issue, or of what your verdict should be.[16]

---

[16]    3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 101.31 (6th ed. 2014).

21

## **PROPOSED INSTRUCTION NO. 17:**

### CAUTIONARY INSTRUCTION BEFORE COURT RECESS

We are about to take our first recess.  I want to remind you of the instructions I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else.  You may not permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial.  If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further.  The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination.  The report may emphasize an unimportant point or may simply be wrong.  You must base your verdict solely and exclusively on the evidence received in court during the trial.

The same holds true for information you may learn through the internet. What is said on the internet may or may not be true, and information you learn outside of the courtroom cannot be allowed to influence your decision in this case in any way.  It is vital to our system of justice that decisions in a case be made based upon the facts that are presented in the courtroom. I am instructing you not to do any internet searches on this case, the parties, or anything related to this case.

Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.[17]

---

[17]     Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 102.01 (6th ed. 2014).

## II.    POST-TRIAL JURY INSTRUCTIONS

### PROPOSED INSTRUCTION NO. 18:

#### GENERAL INTRODUCTION – PROVINCE OF THE COURT AND JURY

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with the law or not.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law as stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.

In performing your role as jurors, you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone, or by public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[18]

---

[18]    Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 103.01 (6th ed. 2014).

## PROPOSED INSTRUCTION NO. 19:

### WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness's testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did the witness appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was the witness's demeanor – that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack thereof, his or her intelligence, the reasonableness an probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

25

In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given and all of the other evidence in this case. Always remember that you should use your common sense, your good judgment and your own life experience.[19]

---

[19]     Adapted from 4 L. Sand et al., *Modern Federal Jury Instructions - Civil* § 76.01 (2014).

## PROPOSED INSTRUCTION NO. 20:

### NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[20]

---

[20]     3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 104.54 (6th ed. 2014).

## PROPOSED INSTRUCTION NO. 21:

### EXPERT WITNESSES

You have heard testimony from a number of expert witnesses presented by both sides. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge or training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witnesses' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

The testimony of the experts may be in conflict. The experts may disagree. It may seem strange to you that you are being called upon to resolve a conflict between experts who disagree. But you must remember that you are the sole trier of the facts and their testimony relates to questions of fact; so, it is your job to resolve the disagreement.

The way you resolve the conflict between experts is the same way you decide other fact questions and the same way you decide whether to believe an ordinary witness. In addition, since they gave expert opinions, you should consider the soundness of each expert's opinions, the reasons for the opinion and his or her motive, if any, for testifying.

28

You may give the testimony of each expert such weight, if any, that you think it deserves in light of all the evidence. You should not permit an expert's testimony to be a substitute for your own reason, judgment and common sense. You may reject the testimony of any expert in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the expert witness. The determination of the facts in this case rests solely with you.[21]

---

[21]     Adapted from 4 L. Sand et al., *Modern Federal Jury Instructions - Civil* § 76.01 (2014); Fed. R. Evid. 703.

## PROPOSED INSTRUCTION NO. 22:

### EFFECT OF INCONSISTENT STATEMENT OR CONDUCT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.[22]

---

[22]    Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 105.04 (6th ed. 2014); 4 L. Sand et al., *Modern Federal Jury Instructions - Civil* § 76.01 (2014).

## **PROPOSED INSTRUCTION NO. 23:**

### DEPOSITIONS AS EVIDENCE

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand, may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[23]

---

[23]    3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 105.02 (6th ed. 2014).

## **PROPOSED INSTRUCTION NO. 24:**

### SUMMARIES AND CHARTS NOT ADMITTED AS EVIDENCE

Throughout the trial, you have seen summaries and charts that were not admitted as evidence. The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.[24]

---

[24] 4 L. Sand et al., *Modern Federal Jury Instructions - Civil* § 74.06 (2014).

32

## **PROPOSED INSTRUCTION NO. 25:**

### CORPORATE PARTY INVOLVED

   The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and in general, a corporation is responsible under the law for any of the facts and statements of its employees that are made within the scope of their duties as employees of the company.[25]

---

[25]   Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* §§ 103.12, 103:31 (6th ed. 2014).

## PROPOSED INSTRUCTION NO. 26:

### MULTIPLE DEFENDANTS

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. No defendant is to be prejudiced should you find against another. Unless otherwise stated, all instructions I give you govern the case as to each defendant.[26]

---

[26] 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 103.14 (6th ed. 2014).

## III.   SUBSTANTIVE LAW & DAMAGES

### PLAINTIFF'S PROPOSED INSTRUCTION NO. 27:

#### MISAPPROPRIATION OF TRADE SECRETS

In the first cause of action, TydenBrooks contends that it designed and developed a fully-automated manufacturing process to produce plastic indicative security seals, which enabled it to reduce operational costs and increase quality and productivity.  TydenBrooks asserts that this process, including the particular way in which the various elements of the process were combined, constitutes a trade secret, and that the Defendants misappropriated TydenBrooks's trade secret manufacturing process.

**Elements of a Claim of Misappropriation of Trade Secrets**[27]

In order to prevail on this claim, TydenBrooks must prove by a preponderance of the evidence, first, that it possessed a trade secret and, second, that the defendant you are considering used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means.

---

[27]      Sources:  *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d. Cir. 2009) (elements of claim); Restatement (First) of Torts § 757 (1939) (elements); Jury Instructions in *Member Servs., Inc. v. Security Mut. Life Ins. Co. of N.Y.*, No. 3:06CV01164, 2011 WL 5390213 (N.D.N.Y. Sept. 6, 2011); Lester Horwitz, Ethan Horwitz, *Intellectual Property Counseling & Litigation,* Ch. 5, Appendix 84B (Matthew Bender 2014).

## First Element: Possession of a Trade Secret[28]

With respect to the first element, a trade secret may be any form of information that is valuable to a business and maintained in secrecy. A trade secret may take many forms. Some common examples are formulas, patterns, designs of machines, and manufacturing processes. The owner of a trade secret does not have to patent the information in order to receive trade secret protection.

Information is "valuable to a business" if it gives the business an opportunity to obtain an advantage over competitors who do not know or use it. The trade secret comprises not simply information as to single or ephemeral events in the conduct of one's business; rather, it is a process or device for continuous use in the operation of the business, such as for the production of items.

Information is "maintained in secret" if, of course, the subject matter of the trade secret is kept a secret and is not public knowledge in the trade or business. Absolute secrecy, however, is not required, although a substantial element of secrecy must exist. Substantial

---

[28]    Sources: *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 474-78 (1974) (trade secret definition); *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d. Cir. 2009) (same); *Timely Prods. Corp. v. Arron*, 523 F.2d 288, 303-304 (2d Cir. 1975) (scope of trade secret protection); *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 967-68 (2d Cir. 1997) (combination of elements as trade secret); *Speedry Chem. Prods., Inc. v. Carter's Ink Co.*, 306 F.2d 328, 331-33 (2d Cir. 1962) (secrecy; no express agreement needed); *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 257, 267-71 (S.D.N.Y. 2014) (secrecy; compilation of elements as trade secret); *Thin Film Lab, Inc. v. Comito*, 218 F. Supp. 2d 513, 520-21 (S.D.N.Y. 2002) (secrecy); *Inflight Newspapers, Inc. v. Magazines In-Flight, LLC*, 990 F. Supp. 119, 131-32 (E.D.N.Y. 1997) (modifications and process deemed trade secrets); *Monovis, Inc. v. Aquino*, 905 F. Supp. 1205, 1228 (W.D.N.Y. 1994) (trade secret was not obvious through public information); *Integrated Cash Mgmt. Servs., Inc. v. Digital Transactions, Inc.*, 732 F. Supp. 370, 373-78 (S.D.N.Y. 1989) (combination of elements and trial and error process as trade secret), *aff'd*, 920 F.2d 171, 174 (2d Cir. 1990) (same); *A.H. Emery Co. v. Marcan Prods. Corp.*, 268 F. Supp. 289, 299-302 (S.D.N.Y. 1967) (sharing overall representations as opposed to details not waiver), *aff'd*, 389 F.2d 11, 15-16 (2d Cir. 1968) (substantial secrecy); Restatement (First) of Torts § 757, comment b (1939) (trade secret definition).

secrecy exists as long as there would be difficulty in acquiring the trade secret information except by the use of improper means, such as through the breach of an agreement or duty.

The fact that others may know of the information does not negate secrecy as long as the owner takes reasonable measures under the circumstances to maintain secrecy. For example, an employer may communicate confidential information to its employees involved in its use without losing trade secret protection. Even disclosure of a trade secret to a third party does not result in the loss of trade secret protection if the owner of the trade secret took reasonable steps to maintain its secrecy. If, for example, the third party to whom the information was disclosed was under an obligation or acting under an implicit agreement to protect the confidentiality of the information, the information may still be considered secret.

Moreover, a trade secret can exist in a combination of characteristics or components even where each element is in the public domain, if the unified process combining the publicly available characteristics and components is unique and not publicly known. A trade secret is sufficiently unique where the particular combination of publicly available components is neither obvious nor easily duplicated. In determining whether the combined process is obvious, you may consider the level of detail of the publicly available components and whether they are accompanied by instructions explaining their usefulness, relevance and importance over other components to the alleged trade secret process. In determining whether the combined process is easily duplicated, you may consider the level of information the plaintiff acquired in researching and developing the trade secret process. It does not matter whether the alleged trade secret process was the result of trial and error or intentional design. As long as the combined process is unique and not publicly known, it is protectable as a trade secret.

In this case, TydenBrooks claims that its fully-automated manufacturing process

is a trade secret. In determining whether that process is a trade secret, you may consider the following factors:

1.    the extent to which the fully-automated manufacturing process was known outside of TydenBrooks's business;

2.    the extent to which the manufacturing process was known by employees and others involved with Tyden's business;

3.    the extent of measures taken by TydenBrooks to guard the secrecy of the fully-automated manufacturing process, both within and outside its business;

4.    the potential value of the fully-automated manufacturing process to TydenBrooks and its competitors;

5.    the amount of effort or money TydenBrooks spent developing the fully-automated manufacturing process; and

6.    the ease or difficulty with which the fully-automated manufacturing process could be acquired or duplicated by others through lawful means.

**Second Element:  Use of a Trade Secret in Breach of an Agreement or a Duty**[29]

If you find that TydenBrooks's fully-automated manufacturing process is a trade secret, you must then determine whether the defendant you are considering acquired this trade secret in breach of an agreement, a confidential relationship, or a duty, or as a result of discovery by improper means.  TydenBrooks contends that Defendants Lyle, Singh, and Gizzarelli had access to its trade secrets when they were employed by TydenBrooks, and as a result of their relationship and agreements with TydenBrooks, had a duty to maintain the confidentiality of TydenBrooks's trade secrets, even after they resigned from the company.  With respect to CSS, Tyden claims that CSS was or should have been aware of the duty owed by Defendants Lyle, Singh and Gizzarelli to keep TydenBrooks's manufacturing process secret, but nevertheless used the trade secret information that was wrongfully disclosed by them.

An individual may acquire knowledge of a trade secret by means which appear proper, yet still be under a duty not to use or disclose it.  In New York, a confidential relationship

---

[29]    Sources:  *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475-76 (1974) (trade secret protection against disclosure or unauthorized use); *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d. Cir. 2009) (employee may not use knowledge of former employer's trade secret to reverse engineer);  ); *Computer Assocs. Intern., Inc. v. Altai, Inc.*, 982 F.2d 693, 718 (2d Cir. 1992) (trade secret liability based on use); *Speedry Chem. Prods., Inc. v. Carter's Ink Co.*, 306 F.2d 328, 332-33 (2d Cir. 1962) (defendant liable if using trade secrets divulged by plaintiffs rather than information in public domain); *Thin Film Lab, Inc. v. Comito*, 218 F. Supp. 2d 513, 520-21 (S.D.N.Y. 2002) (duty of employee); *Fabkom, Inc. v. R.W. Smith & Assocs., Inc.*, No. 95 Civ. 4552 (MBM), 1996 WL 531873, at *12-13 (S.D.N.Y. Sept. 19, 1996) (employee/third party breach of confidential relationship); *Monovis, Inc. v. Aquino*, 905 F. Supp. 1205, 1227-28, 1230-31 (W.D.N.Y. 1994) (defendant's burden to show reliance on public information); *Integrated Cash Mgmt. Servs., Inc. v. Digital Transactions, Inc.,* 732 F. Supp. 370, 377-78 (S.D.N.Y. 1989) (burden-shifting in independent development case), *aff'd*, 920 F.2d 171, 174  (2d Cir. 1990) (compilation trade secret); *Rapco Foam, Inc. v. Scientific Applications, Inc.*, 479 F. Supp. 1027, 1030 (S.D.N.Y. 1979) (defendant's burden to show independent development); *A.H. Emery Co. v. Marcan Prods. Corp.,* 268 F. Supp. 289, 299-300 (S.D.N.Y. 1967) (confidential relationship between employer and employee/third parties; reproduction from memory breaches confidentiality), *aff'd*, 389 F.2d 11, 16-17, 16 n.2 (2d Cir. 1968) (third party on notice is liable; employee need not be expressly informed); Restatement (First) of Torts § 757, comment c (1939) (disclosure or use of trade secret).

exists between an employer and an employee, such that an employee may not compete with his or her employer by using or relying on trade secret information that was acquired in the course of the employment. The employer need not expressly inform the employee that the information is a trade secret; if the employee generally understood the information to be confidential in nature, then liability may attach to his or her use or disclosure of that information. This duty survives the termination of employment and does not depend upon the existence of any contract. Where an employee has also expressly or impliedly agreed not to disclose an employer's trade secret or confidential information, that agreement similarly prohibits the employee from disclosing the secret information.

If a person with an obligation to keep a trade secret confidential discloses the trade secret to a third party, the third party receiving the secret information is liable for misappropriation if the third party knows or has reason to know that the person from whom it received the information was under a duty to keep the information confidential. In other words, the third party is liable for misappropriation if it is on notice that it received the information as a result of a breach of duty. Actual notice is not required; constructive notice of the breach is sufficient to impose liability. A defendant is on constructive notice of a breach if he could have inferred a breach from the information available or if, under the circumstances, it would have been reasonable to make an inquiry and diligence would have disclosed the breach.

If you find that the defendant you are considering was in a confidential relationship with TydenBrooks, or was under a contractual obligation not to disclose TydenBrooks's trade secrets, or derived his knowledge of TydenBrooks's trade secrets from one he knew or should have known was in such a relationship or under such a duty, then the defendant was and is obligated not to use or disclose any of TydenBrooks's trade secrets.

Only the wrongful use of secret information may give rise to liability. It is not enough that a defendant simply have access to the trade secret information. Wrongful use, however, includes reproducing the secret information from memory. It is as much a breach of confidence for an employee to reproduce his former employer's secret engineering drawings from memory as it is to steal such materials directly in electronic or hard copy form.

Where a defendant claims to have independently developed a process using publicly available information, the defendant bears the burden of showing that this was in fact the case and that it did not gain the allegedly secret information improperly or from an improper source. In that circumstance, if the plaintiff establishes the substantial identity of the defendant's process to plaintiff's trade secret process and the means by which the defendant could have misappropriated plaintiff's trade secret process, the defendant bears the burden of demonstrating that it independently developed its process using publicly available information as opposed to information misappropriated from the plaintiff.

There is no requirement that the Defendants use Plaintiff's trade secret in exactly the same form in which the Defendants received it. You may find the Defendants liable for misappropriation even if they used TydenBrooks's confidential manufacturing process with modifications or improvements effected by their own efforts. Differences in detail do not preclude liability if the process used by the Defendants was substantially derived from the Plaintiff's trade secret.

41

**Liability of an Employer for the Actions of its Employees**[30]

          An employer may also be held liable for the actions of its employees under a doctrine called "respondeat superior." Under this doctrine, an employer is liable for the misconduct of its employees if the misconduct was undertaken within the scope of his or her employment, that is, if the misconduct was committed to further the employer's interests rather than for the wholly personal motives of the employee. The employer need not even have knowledge of the employee's actions, so long as the misconduct is a generally foreseeable and natural incident of the employment. For example, if a former employee of Company A misappropriates trade secrets belonging to Company A for use in furthering the business of Company B where he is employed, Company B is also liable for the misappropriation of trade secrets.

          In addition to contending that CSS is liable for misappropriation because it used trade secret information it knew or should have known was misappropriated from CSS, TydenBrooks also contends that CSS is liable for misappropriation because the actions of Defendants Lyle, Singh, and Gizzarelli were undertaken within the scope of their employment with CSS and in furtherance of CSS's interests. If you find that any of the individual defendants misappropriated TydenBrooks's trade secret manufacturing process while working for and in order to further the interests of CSS, you must find that CSS is also liable for misappropriation.

---

[30]    Sources: *Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 455-57 (S.D.N.Y. 2012) (respondeat superior); *Pizzuto v. Cnty. of Nassau*, 239 F. Supp. 2d 301, 313 (E.D.N.Y. 2003) (same); *Rosenberg, Minc & Armstrong v. Mallilo & Grossman*, 798 N.Y.S.2d 322, 328-29, 8 Misc. 3d 294, 2005 N.Y. Slip Op. 25146 (2005) (same).

**Conclusion**

In sum, if you find by a preponderance of the evidence that TydenBrooks

possessed a trade secret and that the Defendants used TydenBrooks's trade secret in breach of an

agreement, confidential relationship or duty, or as a result of discovery by improper means, you

must enter a verdict in favor of TydenBrooks and decide the issue of damages. I will provide

you with a separate instruction on how to determine the amount of any damages to be awarded.

**[OBJECTION: Defendants object to Plaintiff's Proposed Instruction No. 27 in its entirety and propose an alternate instruction below at Defendants' Proposed Instruction No. 27-A.]**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 27-A:

### MISAPPROPRIATION OF TRADE SECRETS

TydenBrooks has asserted a claim for misappropriation of trade secrets under
New York law against all of the Defendants. You are to determine whether any trade secret has
been misappropriated by any of the Defendants.

### Elements of a Claim of Misappropriation of Trade Secrets[31]

In order to establish a misappropriation of trade secret claim, TydenBrooks has
the burden of proving by a preponderance of the evidence that:

(1) TydenBrooks possessed a trade secret, and

(2) The defendant you are considering used or is using that trade secret in breach of an
agreement, confidence, or duty, or as a result of discovery by improper means.

Only wrongful use of secret information disclosed in confidence gives rise to
liability. To find any of the Defendants liable for misappropriation of trade secrets, you must
find by a preponderance of the evidence that TydenBrooks possessed a specific, identifiable
trade secret acquired by the defendant you are considering as a result of a confidential
relationship and that that defendant used the trade secret in developing or making its product.

---

[31]     Sources:  3 Fed. Jury Prac. & Instr. § 127.10 (6th ed.); *Big Vision Private Ltd. v. E.I.
DuPont De Nemours & Co.*, No. 11 CIV. 8511 KPF, 2014 WL 812820 (S.D.N.Y. Mar. 3, 2014);
*Ashland Management Inc. v. Janien*, 82 N.Y.2d 395, 407 (1993) (quoting Restatement of Torts §
757, comment *b*); *See Sasqua*, 2010 WL 3613855 at *16; *Maxpower Corp. v. Abraham*, 557 F.
Supp. 2d 955, 961 (W.D. Wis. 2008).

**First Element:  Possession of a Trade Secret**[32]

   First, TydenBrooks must prove by a preponderance of the evidence that it possessed a trade secret.  A trade secret is defined as consisting of any formula, pattern, device or compilation of information that is used in one's business, and which gives a person an opportunity to obtain an advantage over competitors who do not know or use it.  A trade secret must first and foremost be secret.  The subject matter of a trade secret must not be public knowledge in the trade or business.  Matters of general knowledge in an industry can never be a trade secret.  Trade secret protection is lost if it is disclosed to the public, or a third party absent a nondisclosure agreement.  Trade secret protection is also lost if it is widely disclosed throughout one's business and not limited on a "need-to-know" basis.

   In determining whether TydenBrooks has proven by a preponderance of the evidence that it possessed a specific, identifiable trade secret, you may consider the following factors:

  (1) The extent to which the information is known outside of TydenBrooks;

  (2) The extent to which it is known by employees and others involved with TydenBrooks;

  (3) The extent of measures taken by TydenBrooks to guard the secrecy of the information;

  (4) The value of the information to TydenBrooks and its competitors;

  (5) The amount of effort or money expended by TydenBrooks in developing the information;

---

[32] Sources:  N.Y. Pattern Jury Instr.--Civil Division 3 G 4 Intro. 1 (adapted); *see Ashland Management Inc. v. Janien*, 82 N.Y.2d 395, 407 (1993) (quoting Restatement of Torts § 757, comment *b*); 3 Fed. Jury Prac. & Instr. § 127.11 (6th ed.).

(6) The ease or difficulty with which the information could be properly acquired or duplicated by others.

**Second Element: Use of a Trade Secret in Breach of an Agreement or a Duty**[33]

Second, if you find that TydenBrooks has proved that it possessed a specific, identifiable trade secret after considering the foregoing factors, TydenBrooks also must prove by a preponderance of the evidence that the defendant you are considering misappropriated this "trade secret." To misappropriate means to obtain in breach of an agreement, a confidential relationship, duty, or as a result of discovery by improper means.

You must determine whether TydenBrooks has proved that its trade secret was given to the defendant you are considering as a result of a confidential relationship between the parties. You must find that either an express or implied agreement existed between the parties— that they both did or ought to have understood its terms. A mere allegation of a confidential relationship is not enough. The fact of such a relationship must be proven by TydenBrooks by the preponderance of the evidence.

If you decide there was a confidential relationship between TydenBrooks and the defendant you are considering, and that TydenBrooks disclosed its trade secrets to that defendant, then you must decide whether that trade secret information was also misappropriated by that defendant.

---

[33]     Sources:  N.Y. Pattern Jury Instr.--Civil Division 3 G 4 Intro. 1 (adapted); 3 Fed. Jury Prac. & Instr. §§ 127.12, 127.13 (6th ed.) (adapted); *Speedry Chemical Prods., Inc. v. Carter's Ink Co.*, 306 F.2d 328, 331 (2d Cir. 1962) (*quoting* Restatement of Torts § 757); *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 269 (S.D.N.Y. Mar. 3, 2014); *Julie Research Labs., Inc. v. Select Photographic Eng'g, Inc.*, 810 F. Supp. 513, 520-22 (S.D.N.Y. 1992), *aff'd in relevant part*, 998 F.2d 65 (2d Cir. 1993); *Arnold K. Davis & Co. v. Ludemann*, 160 A.D.2d 614, 616 (N.Y. App. Div. 1990); *Reed, Roberts Assocs., Inc. v. Strauman*, 353 N.E.2d 590, 593 (N.Y. 1976).

To establish that CSS misappropriated TydenBrooks's trade secret, TydenBrooks must prove that CSS willfully executed a sustained campaign to wrongfully obtain and exploit TydenBrooks's trade secret by inducing Messrs. Lyle, Gizzarelli and/or Singh to leave TydenBrooks and disclose and use the trade secret in violation of their duties to TydenBrooks.

To establish that any of the other defendants – Messrs. Lyle, Gizzarelli or Singh – misappropriated TydenBrooks's trade secret, TydenBrooks must prove that the defendant "pirated" TydenBrooks's trade secret by means of physical taking or "studied memorization." However, absent any wrongdoing, a former employee is not prohibited from utilizing his skills and knowledge acquired by the experience of his previous employment. This includes those techniques which are but skillful variations of general processes known to the particular trade.

**[OBJECTION:  Plaintiff objects to Defendants' Proposed Instruction No. 27-A in its entirety.]**

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 28:

### COMMON LAW CONSPIRACY TO MISAPPROPRIATE TRADE SECRETS

In the second cause of action, TydenBrooks contends that Defendants CSS, Lyle,

Singh, and Gizzarelli conspired to misappropriate TydenBrooks's trade secret process.

### Elements of a Claim of Conspiracy to Misappropriate a Trade Secret[34]

A common law conspiracy, also known as a civil conspiracy, is an agreement

between two or more individuals to commit a civil wrongdoing, such as stealing trade secrets.

The claim is derived from the Plaintiff's misappropriation of trade secrets claim. If you find that

the defendants are liable of common law conspiracy to misappropriate trade secrets, then the acts

of each defendant may be imputed on to the other defendants. In other words, a finding of a

conspiracy extends liability from an entity or individual to every named defendant who

participated as a conspirator in furthering the purpose of the conspiracy.

In order to establish a claim of common law conspiracy, TydenBrooks must first

demonstrate that one of the defendants misappropriated its trade secret manufacturing process, in

accordance with the instructions I provided earlier. If you find that one or more of the

defendants misappropriated TydenBrooks's trade secret manufacturing process, you must

---

[34]    Sources: *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 240 (2d
Cir. 1999) (civil conspiracy elements); *Reich v. Lopez*, 38 F. Supp. 3d 436, 460-61 (S.D.N.Y.
2014) (civil conspiracy elements; extension of liability); *Maersk, Inc. v. Neewra, Inc.*, 687 F.
Supp. 2d 300, 319-20 (S.D.N.Y. 2009) (same); *Dinsmore v. Squadron, et al.*, 945 F. Supp. 84, 86
n.6 (S.D.N.Y. 1996) (civil conspiracy claim that is not based on fraud may be established by a
preponderance of the evidence), *rev'd on other grounds*, 135 F.3d 837 (2d Cir. 1998); *In re
Windsor Plumbing Supply Co., Inc.*, 170 B.R. 503, 534, 537 (E.D.N.Y. 1994) (elements;
extension of liability; injury result from the overt act); *Bedard v. La Bier*, 20 Misc. 2d 614, 616,
194 N.Y.S.2d 216, 220 (1959) (burden of proof); *Union Circulation Co. v. Hardel Publishers
Serv., Inc.*, 6 Misc. 2d 340, 341, 164 N.Y.S.2d 435, 436 (1957) (alleging the defendant and
others conspired to "operate a competing business by making use of trade secrets learned while
they were connected with plaintiff [and] enticing away key employees"); 20 N.Y. Jur. 2d
Conspiracy—Civil Aspects § 22 (2015) (burden of proof in a civil conspiracy is by a
preponderance of the evidence);

consider whether that defendant was acting in concert with others when he did so. In order to prevail upon a claim of conspiracy, TydenBrooks must establish each of the following four elements by a preponderance of the evidence:

First, that there was an agreement between two or more individuals to misappropriate TydenBrooks's manufacturing process;

Second, that one of the members of the conspiracy committed at least one overt act for the purpose of carrying out the conspiracy;

Third, that the defendant you are considering intentionally participated in the furtherance of the plan or agreement to misappropriate TydenBrooks's trade secret; and

Fourth, that TydenBrooks was injured as a result of the theft of its manufacturing process.

**First Element: Existence of Agreement**[35]

As to the first element, TydenBrooks must demonstrate that there was an agreement among two or more individuals to cooperate with each other to steal TydenBrooks's trade secret manufacturing process. There need not be direct evidence of an agreement; indeed, conspiracies are by their very nature secretive operations and frequently have to be proven by circumstantial rather than direct evidence. You may thus rely on circumstantial evidence if you can reasonably infer from the evidence that a plan existed between two or more individuals to steal TydenBrooks's secret manufacturing process.

---

[35]     Sources: *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 240 (2d Cir. 1999) (circumstantial evidence); *Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 319-20 (S.D.N.Y. 2009) (same); *Bedard v. La Bier*, 20 Misc. 2d 614, 616-17, 194 N.Y.S.2d 216, 220 (1959) (same).

49

**Second Element:  Requirement of an Overt Act**[36]

As to the second element, TydenBrooks must prove that a member of the alleged conspiracy – that is, either CSS, Mr. Lyle, Mr. Singh, or Mr. Gizzarelli – committed an overt act in furtherance of the conspiracy.  It is not necessary for TydenBrooks to prove that each participant in the conspiracy committed an overt act in furtherance of the conspiracy.  It is only necessary to prove that one of the participants did so in order to satisfy this element with respect to all of the participants in the conspiracy.  An overt act need not be unlawful in and of itself, but it must be a step toward the execution of the plan to steal TydenBrooks's trade secret.

**Third Element:  Intentional Participation**[37]

As to the third element, TydenBrooks must show that the defendant you are considering intentionally participated in the scheme, in order to further the conspirators' plan to misappropriate the Plaintiff's trade secrets.  You need not find that the defendant was aware of all of the details of the plan to steal TydenBrooks's trade secret or possessed the same motives for carrying out the conspiracy as the other members of the conspiracy, so long as the defendant had some knowledge of the conspiracy's overall unlawful purpose.

---

[36]     Sources:  *Nederlandsche Handel-Maatschappij N.V. v. Schreiber*, 17 A.D.2d 783, 783, 232 N.Y.S.2d 644, 645 (1962) (overt act); James L. Buchwalter, 54 *Cause of Action* 2d 603 § 12 (2015) (same).

[37]     Sources:  *Reich v. Lopez*, 38 F. Supp. 3d 436, 460 (S.D.N.Y. 2014) (intentional participation); *Zahrey v. City of New York*, No. 98-4546 (DCP)(JCF), 2009 WL 1024261, at *10 (S.D.N.Y. Apr. 15, 2009) (conspiratorial objective).

**Fourth Element:  Injury to Plaintiff**[38]

Finally, TydenBrooks must show that it was injured by the alleged conspiracy.  In this case, the injury flowing from the alleged conspiracy is the misappropriation of TydenBrooks's secret manufacturing process.

**Conclusion**

If you find by a preponderance of the evidence that any Defendant in this action misappropriated TydenBrooks's trade secret and that one or more of the remaining Defendants conspired with that defendant in facilitating, furthering, and/or assisting with the misappropriation, you must enter a verdict in favor of TydenBrooks and consider the issue of damages.

As I mentioned in connection with the first cause of action, I will provide you with a separate instruction on how to determine the amount of any damages to award to TydenBrooks in connection with this claim.

**[OBJECTION:  Defendants object to Plaintiff's Proposed Instruction No. 28 in its entirety and propose an alternate instruction below at Defendants' Proposed Instruction No. 28-A.]**

---

[38]     Sources: *In re Windsor Plumbing Supply Co., Inc.*, 170 B.R. 503, 534 (E.D.N.Y. 1994) (Injury); *El Cid, Ltd. v. N.J. Zinc Co.*, 575 F. Supp. 1513, 1516 (S.D.N.Y. 1983) ("The injury flowing from the conspiracy is the tort.").

**DEFENDANTS' PROPOSED INSTRUCTION NO. 28-A:**

COMMON LAW CONSPIRACY TO MISAPPROPRIATE TRADE SECRETS

TydenBrooks also has asserted a claim for conspiracy to misappropriate trade secrets under New York law against the Defendants. Conspiracy, in itself, is not an independent claim. This means that you may only consider this conspiracy claim if you have found by a preponderance of the evidence that TydenBrooks has established its claim for misappropriation of trade secrets against at least one of the Defendants.

**Elements of a Claim of Conspiracy to Misappropriate a Trade Secret**[39]

To prevail on its conspiracy claim to misappropriate trade secrets, TydenBrooks must further establish, also by a preponderance of the evidence, that:

(1) There was an agreement between two or more alleged conspirators – in this case, CSS, Messrs. Lyle, Gizzarelli or Singh – to participate in an unlawful act – in this case, to misappropriate TydenBrooks's trade secret;

(2) The misappropriation of TydenBrooks's trade secret was committed by one or more of the conspirators pursuant to the unlawful scheme and in furtherance of the illegal objective of misappropriating TydenBrooks's commercial advantage;

(3) The defendant you are considering intentionally participated in the conspiracy in furtherance of the unlawful scheme to misappropriate TydenBrooks's trade secret; and

---

[39]      Sources: *World Wide Wrestling Fed'n Entertainment, Inc. v. Bozell*, 142 F. Supp.2d 514, 532 (S.D.N.Y. 2001) (civil conspiracy requires establishment of primary tort, plus an agreement, an overt act in furtherance of the agreement, the parties' intentional participation in furtherance of the common scheme, and resulting damage); *Steier v Shoshana Kraushar Schreiber,* 25 A.D.3d 519, 522 (1st Dep't 2006), *lv denied* 6 N.Y.3d 714 (2006) ("New York does not recognize civil conspiracy to commit a tort as an independent cause of action"); *Alexander & Alexander, Inc. v Fritzen,* 68 N.Y.2d 968, 969 (1986) ("Allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort"); *McGill v Parker,* 179 A.D.2d 98, 105 (1st Dep't 1992); *Lindsay v. Lockwood*, 625 N.Y.S.2d 393, 397 (N.Y. Sup. Ct. 1994).

(4)  The conspiracy caused damage to TydenBrooks.

### First Element:  Existence of Agreement[40]

First, TydenBrooks must prove by a preponderance of the evidence that two or more of the Defendants knew and agreed to the unlawful objective of the conspiracy, that is, to misappropriate TydenBrooks's trade secret manufacturing process.   In other words, TydenBrooks must show that two or more of the Defendants had a meeting of the minds and shared a common and conspiratorial understanding of the unlawful objective.

### Second Element:  Requirement to do an Illegal Act or Commit a Tort[41]

Second, if you find that TydenBrooks has proved that two or more of the Defendants knew and agreed to the unlawful objective of the conspiracy, TydenBrooks also must prove by a preponderance of the evidence that a member of the alleged conspiracy – that is, CSS or Messrs. Lyle, Gizzarelli or Singh – actually misappropriated TydenBrooks's trade secret.  In other words, TydenBrooks must prove all of the elements of its misappropriation of trade secret claim that I have previously explained, including that TydenBrooks possessed a trade secret and that one of the Defendants misappropriated that trade secret in breach of an agreement, a confidential relationship, duty, or as a result of discovery by improper means.  Unless TydenBrooks proves all of the elements of misappropriation against one of the Defendants, your verdict must be for the Defendants on this conspiracy claim, because there can be no liability for conspiracy unless one of the Defendants misappropriated TydenBrooks's trade secret.

---

[40]    Sources:  *World Wide Wrestling Fed'n Entm't, Inc. v. Bozell*, 142 F. Supp. 2d 514, 532 (S.D.N.Y. 2001); *Lindsay v. Lockwood*, 163 Misc. 2d 228, 234-35 (N.Y. Sup. Ct. 1994).

[41]    Sources:  *World Wide Wrestling Fed'n Entm't, Inc. v. Bozell*, 142 F. Supp.2d 514, 532 (S.D.N.Y. 2001); *Steier v Shoshana Kraushar Schreiber,* 25 A.D.3d 519, 522 (1st Dep't 2006), *lv denied* 6 N.Y.3d 714 (2006); *Alexander & Alexander, Inc. v Fritzen,* 68 N.Y.2d 968, 969 (1986); *McGill v Parker,* 179 A.D.2d 98, 105 (1st Dep't 1992).

**Third Element:  Intentional Participation in Illegal Scheme**[42]

Third, if you find that TydenBrooks has proved that two or more of the

Defendants knew and agreed to the unlawful objective of the conspiracy to misappropriate

TydenBrooks's trade secret, and that at least one of the alleged conspirators actually

misappropriated TydenBrooks's trade secret, TydenBrooks must further prove that each of the

alleged conspirators intentionally participated in the scheme.  In order for this element to be

established, each of the alleged conspirators must have (i) intended to misappropriate

TydenBrooks's trade secrets and (ii) intended to injure TydenBrooks.

**Fourth Element:  Injury to Plaintiff**[43]

Fourth, if you find that TydenBrooks has proved that two or more of the

Defendants knew and agreed to the unlawful objective of the conspiracy to misappropriate

TydenBrooks's trade secret, at least one of the alleged conspirators actually misappropriated

TydenBrooks's trade secret, and each of the alleged conspirators intended to participate in this

illegal scheme to injure TydenBrooks, then TydenBrooks must finally prove by a preponderance

of the evidence that the alleged conspiracy caused injury to TydenBrooks.

**[OBJECTION:  Plaintiff objects to Defendants' Proposed Instruction No. 28-A in its
entirety.]**

---

[42]     Sources:  *World Wide Wrestling Fed'n Entertainment, Inc. v. Bozell*, 142 F. Supp.2d 514,
532 (S.D.N.Y. 2001) (civil conspiracy requires establishment of primary tort, plus an agreement,
an overt act in furtherance of the agreement, the parties' intentional participation in furtherance
of the common scheme, and resulting damage); *Steier v Shoshana Kraushar Schreiber,* 25
A.D.3d 519, 522 (1st Dep't 2006), *lv denied* 6 N.Y.3d 714 (2006) ("New York does not
recognize civil conspiracy to commit a tort as an independent cause of action"); *Alexander &
Alexander, Inc. v Fritzen,* 68 N.Y.2d 968, 969 (1986) ("Allegations of conspiracy are permitted
only to connect the actions of separate defendants with an otherwise actionable tort"); *McGill v
Parker,* 179 A.D.2d 98, 105 (1st Dep't 1992); *Lindsay v. Lockwood*, 625 N.Y.S.2d 393, 397
(N.Y. Sup. Ct. 1994).
[43]     Sources:  *World Wide Wrestling Fed'n Entertainment, Inc. v. Bozell*, 142 F. Supp.2d 514,
533 (S.D.N.Y. 2001); *Lindsay v. Lockwood*, 625 N.Y.S.2d 393, 397-98 (N.Y. Sup. Ct. 1994).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 29:

### UNFAIR COMPETITION

In the third cause of action, TydenBrooks contends that it developed its fully-automated manufacturing process through extensive time, labor, skill, and money, and that Defendants CSS, Lyle, Singh, and Gizzarelli engaged in "unfair competition" by misappropriating the results of TydenBrooks's labor, skill and expenditure to compete directly with TydenBrooks.

**Elements of a Claim of Unfair Competition**[44]

The essence of an unfair competition claim under New York law is that one may not take the results of the talent, money, and hard work of another without permission. An unfair competition claim based upon misappropriation involves the taking and use of plaintiff's property to compete against the plaintiff's own use of the same property. It is important to note that the property alleged to have been taken need not be a trade secret to support a claim of unfair competition. All that is required is that the property at issue – in this case alleged to be TydenBrooks's manufacturing process – was the product of TydenBrooks's time, labor, skill and money. To prevail on this claim, TydenBrooks must prove by a preponderance of the evidence, first, that the defendant you are considering misappropriated TydenBrooks's expenditures and labors and, second, that the defendant did so in bad faith.

---

[44]     Sources: *Roy Export Co. Establishment of Vaduz, Liechtenstein v. Columbia Broad. Sys., Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982) (breadth of unfair competition claim); *Big Vision Private Ltd. v. E.I. DuPont de Nemours & Co.*, 1 F. Supp. 3d 224, 275 (S.D.N.Y. 2014) (same) *Barbagallo v. Marcum LLP,* 820 F. Supp. 2d 429, 446-47 (E.D.N.Y. 2011) (elements of claim; ); *LinkCo, Inc. v. Fujitsu Ltd.,* 230 F. Supp. 2d 492, 501-02 (S.D.N.Y. 2002) (elements of claim; not contingent on trade secret finding); *Innovative Networks, Inc. v. Satellite Airlines Ticketing Ctrs.,* 871 F. Supp. 709, 730-31 (S.D.N.Y. 1995) (same); *Demetriades v. Kaufmann*, 698 F. Supp. 521, 525-27 (S.D.N.Y. 1988) (same).

**First Element:  Misappropriation**[45]

The first element of a claim of unfair competition requires that the plaintiff prove by a preponderance of the evidence that the Defendants unfairly attempted to profit from another's expenditure of time, labor, and talent through misappropriation.  It matters not whether the Defendants could have acquired the protected information through proper means; what matters is how the Defendants actually acquired it and whether those means were improper.

A claim of unfair competition may be based upon the misappropriation of information that does not rise to the level of a trade secret, as long as that information is the product of the investment of time, labor, skill and expenditures of the Plaintiff and the investment conferred a commercial advantage which belonged to the Plaintiff.  This is because, under New York law, people have protectable property rights in the results of their investment of time, labor, skill and expenditures.  Thus, you may find that TydenBrooks has satisfied this element if you find by a preponderance of the evidence that TydenBrooks invested labor, skill, and expenditures in the development of its manufacturing process and that the Defendants misappropriated the results of that investment.

**Second Element:  Bad Faith**[46]

The second element of a claim of unfair competition is that the Defendants acted in bad faith.  Bad faith requires more than bad judgment or negligence.  It requires a person to consciously commit a wrong because of a dishonest purpose.

---

[45]     Sources:  *Big Vision Private Ltd. v. E.I. DuPont de Nemours & Co.*, 1 F. Supp. 3d 224, 275 (S.D.N.Y. 2014) (misappropriation of results of labor, skills and expenditure of another); *Barbagallo v. Marcum LLP,* 820 F. Supp. 2d 429, 446-47 (E.D.N.Y. 2011) (same); *LinkCo, Inc. v. Fujitsu Ltd.,* 230 F. Supp. 2d 492, 501-02 (S.D.N.Y. 2002) (same); *Innovative Networks, Inc. v. Satellite Airlines Ticketing Ctrs.,* 871 F. Supp. 709, 730-31 (S.D.N.Y. 1995) (same);.

[46]     Sources:  *Big Vision Private Ltd. v. E.I. DuPont de Nemours & Co.*, 1 F. Supp. 3d 224, 275 (S.D.N.Y. 2014) (bad faith).

**Conclusion**

        If you find that TydenBrooks has proved unfair competition based upon

misappropriation of its trade secret or the results of its labor, skills and expenditures by a

preponderance of the evidence, then you must enter a verdict in favor of TydenBrooks and

consider the issue of damages, which I will address in a separate instruction.

**[OBJECTION: Defendants object to Plaintiff's Proposed Instruction No. 29 in its entirety
and propose an alternate instruction below at Defendants' Proposed Instruction No. 29-A.]**

## **DEFENDANTS' PROPOSED INSTRUCTION NO. 29-A:**

### UNFAIR COMPETITION[47]

In the third cause of action, TydenBrooks has asserted a claim for unfair competition under New York law against all of the Defendants. The essence of a claim for unfair competition is the misappropriation of a commercial advantage belonging to another. Central to this notion is the element of bad faith.

To prevail, TydenBrooks must prove by a preponderance of the evidence that the defendant you are considering (i) misappropriated a commercial advantage belonging exclusively to TydenBrooks by the exploitation of proprietary information or trade secrets and (ii) acted in bad faith.

### **First Element: Misappropriation**

To establish that Messrs. Lyle, Gizzarelli or Singh engaged in unfair competition, TydenBrooks must prove that each individual willfully breached his obligation to maintain TydenBrooks's proprietary or trade secret information, and by misappropriating TydenBrooks's proprietary or trade secret information, benefited himself.

To establish that CSS engaged in unfair competition, TydenBrooks must prove that CSS willfully executed a sustained campaign to wrongfully obtain and exploit TydenBrooks's proprietary or trade secret information and competitive advantages by inducing Messrs. Lyle, Gizzarelli and/or Singh to leave TydenBrooks and disclose and use the proprietary or trade secret information in violation of their duties to TydenBrooks.

---

[47]    Sources:  104 N.Y. Jur. 2d Trade Regulation § 196; *see Barbagallo v. Marcum LLP*, No. 11-CV-1358, 2012 WL 1664238, at \*8 (E.D.N.Y. May 11, 2012); *Ahead Realty LLC v. India House, Inc.,* 92 A.D.3d 424, 426 (1st Dep't 2012); *Abe's Rooms, Inc. v. Space Hunters, Inc.,* 38 A.D.3d 690, 692-93 (2d Dep't 2007); *Camelot Associates Corp. v. Camelot Design & Dev. LLC*, 298 A.D.2d 799 (3d Dep't 2002).

**Second Element:  Bad Faith**

To establish that any defendant acted in bad faith, TydenBrooks must prove by a

preponderance of the evidence that the defendant consciously misappropriated TydenBrooks's

acted with a dishonest purpose to injure TydenBrooks.

**[OBJECTION:  Plaintiff objects to Defendants' Proposed Instruction No. 29-A in its
entirety.]**

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 30:

### UNJUST ENRICHMENT[48]

In Plaintiff's fourth and final cause of action, TydenBrooks contends that the Defendants were unjustly enriched by the misappropriation of information that was proprietary to TydenBrooks.

**Elements of a Claim of Unjust Enrichment**

Unjust enrichment occurs when one party has received a benefit at the expense of another. The essential inquiry in any action for unjust enrichment is whether it is against equity and good conscience to permit the Defendants to retain what is sought to be recovered. In order to establish unjust enrichment, TydenBrooks must establish by a preponderance of the evidence that the defendant you are considering was enriched or benefitted at TydenBrooks's expense, and that equity and good conscience require restitution to TydenBrooks.

Unjust enrichment may occur not only where a person receives money or property, but also where he derives some other type of benefit, such as avoiding a monetary loss or expense or incurring savings.

An unjust enrichment claim does not require a morally culpable act on the part of the party enriched. What is required generally is that the party has received a benefit that, in equity and good conscience, he or she ought not to retain.

---

[48]     Sources: *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 519 (2d Cir. 2001) (elements of unjust enrichment); *Bank of Am., N.A. v. NMR Realty Abstract Servs., Ltd.*, No. 12-CV-797 (JMA), 2014 WL 3585716, at *5 (E.D.N.Y. Jan. 2, 2014) (same) (citing *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006)); *Pacwest, Ltd. v. Resolution Trust Corp.*, No. 94 CIV. 2498 (AGS), 1996 WL 325647, at *3 (S.D.N.Y. June 11, 1996) (same), *aff'd*, 108 F.3d 1370 (2d Cir. 1997); *Simonds v. Simonds*, 45 N.Y.2d 233, 242, 408 N.Y.S.2d 359, 364 (1978) (no moral culpability); *Rosenberg, Minc & Armstrong v. Mallilo & Grossman*, 39 A.D.3d 335, 336, 833 N.Y.S.2d 485 (1st Dep't 2007) (no moral culpability); *Blue Cross of Cent. N.Y., Inc. v. Wheeler*, 93 A.D.2d 995, 996, 461 N.Y.S.2d 624, 626 (4th Dep't 1983) (defining "benefit").

**Conclusion**

If you find that TydenBrooks has proved by a preponderance of the evidence that,

under principles of equity and good conscience, the Defendants were unjustly enriched by taking

TydenBrooks's information – whether or not that information rises to the level of a trade secret –

then you must enter a verdict in favor of TydenBrooks and consider the issue of damages in in

accordance with the instructions on damages, which I will now give.

**[OBJECTION: Defendants object to Plaintiff's Proposed Instruction No. 30 in its entirety and propose an alternate instruction below at Defendants' Proposed Instruction No. 30-A.]**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 30-A:

### UNJUST ENRICHMENT[49]

TydenBrooks has asserted a claim for unjust enrichment under New York law against all of the Defendants.  When one person has obtained money or property from another under such circumstances that in good conscience it should not be retained, the law imposes a duty to repay or return it.  The fact that a person received a benefit is itself insufficient; the plaintiff must show that the enrichment was unjust.  In order for TydenBrooks to prevail on its unjust enrichment claim, it must prove by a preponderance of the evidence that:

(1)  The defendant you are considering received money, property or services belonging to or provided by TydenBrooks;

(2)  The defendant you are considering likewise benefited from the receipt of the money, property, or services; and

(3)  Under principles of equity and good conscience, the defendant you are considering should not be permitted to retain the money or property.

If you find that the defendant you are considering misappropriated TydenBrooks's trade secret as its own, has profited from the use of that trade secret, has thus been enriched by the misappropriation of TydenBrooks's trade secret, and under principles of equity and good conscience the defendant's failure to pay for the trade secret was an unjust benefit, then you will find for TydenBrooks with respect to that defendant.  On the other hand, if you find that the defendant you are considering did not misappropriate TydenBrooks's trade secret as its own, or has not profited from the use of those trade secrets, or under principles of equity and good conscience the defendant may retain the profits it has received, then you will find for the

---

[49]     Sources:  N.Y. Pattern Jury Instr.--Civil 4:2; *Georgia Malone & Co., Inc. v Rieder*, 19 N.Y.3d 511, 519-23 (2012); *Mandarin Trading Ltd. v Wildenstein*, 16 N.Y.3d 173, 182-83 (2011).

defendant.

**[OBJECTION: Plaintiff objects to Defendants' Proposed Instruction No. 30-A in its entirety.]**

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 31:

### DAMAGES GENERALLY[50]

If you find a defendant liable on any of the TydenBrooks's claims, you must then determine the amount of damages, if any, that TydenBrooks is entitled to receive.

The fact that I am instructing you on the subject of damages does not mean that TydenBrooks is or is not entitled to recover damages. I am expressing no opinion one way or the other. Instructions as to the measure of damages are given strictly for your guidance, in the event you should find in favor of TydenBrooks on one or more of its claims by a preponderance of the evidence in this case, in accordance with my other instructions.

TydenBrooks has the burden of establishing the amount of actual damages, if any, that it is entitled to. However, TydenBrooks need not establish the amount it is owed with mathematical precision; a reasonable estimate is permitted. Once you determine that TydenBrooks has suffered damages, uncertainty as to the amount should not prevent you from assessing damages so long as you can determine the amount with reasonable certainty from the evidence presented.

---

[50]     Sources: *Celeritas Techs. Ltd. v. Rockwell Int'l Corp.*, 150 F.3d 1354, 1360 (Fed. Cir. 1998) (absolute certainty unnecessary); *Vermont Microsystems, Inc. v. Autodesk, Inc.*, 88 F.3d 142, 151 (2d Cir. 1996) (recovery not precluded by uncertainty as to amount of damages); *Electro-Miniatures Corp. v. Wendon Co.*, 771 F.2d 23, 27 (2d Cir. 1985) (Where there is "a clear showing of injury that is not susceptible to exact measurement because of the defendant's conduct, the jury has some latitude to 'make a just and reasonable estimate of damages based on relevant data.'"); *Univ. Computing Co. v. Lykes-Youngstown Corp.*, 504 F.2d 518, 539 (5th Cir. 1974) (recovery not precluded by uncertain damages in misappropriation claim); *Matarese v Moore-McCormack Lines, Inc.*, 158 F.2d 631, 637 (2d Cir. 1946) ("Where the fact of damages is certain, the uncertainty of the amount will not prevent their being assessed"); *Barone v. Marcisak*, 96 A.D.2d 816, 465 N.Y.S.2d 561 (2d Dep't 1983) (mathematical precision not necessary to calculate misappropriation damages); Jury Instructions from *Member Servs., Inc. v. Security Mut. Life Ins. Co. of N.Y.*, No. 3:06-CV-1164 (DEP), 2011 WL 5904727 (N.D.N.Y. Oct. 13, 2011); Jury Instructions in *Faiveley Transp. USA Inc. v Wabtec Corp*, No. 10 Civ. 4062 (JSR), *available at*, 2011 WL 12542934 (S.D.N.Y. June 28, 2011).

**[OBJECTION: Defendants object to Plaintiff's Proposed Instruction No. 31 in its entirety and propose an alternate instruction below at Defendants' Proposed Instruction No. 31-A.]**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 31-A:

### DAMAGES[51]

TydenBrooks seeks monetary damages for its claims.  It is the duty of the Court to instruct you about the measure of damages.  The fact that I am instructing you on the subject of damages does not mean that TydenBrooks is entitled to recover damages.  I am expressing no opinion one way or the other.  These instructions are only to guide you if you find that TydenBrooks has proved by a preponderance of the evidence that TydenBrooks was injured by the Defendants and is entitled to recover damages.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of the law. TydenBrooks has advanced four separate claims against the Defendants.  If you find that TydenBrooks has proved one or more of its claims based on the way I have explained them, then you must consider the amount of damages to be awarded to TydenBrooks.  If you decide that TydenBrooks is not entitled to recover from any of the Defendants, then you need not consider damages.  Only if you decide that TydenBrooks is entitled to recover will you consider the measure of damages.

It is up to you to determine what damages, if any, have been proved.

If you decide to award damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  You are to use sound discretion in fixing an award, if any, of damages, drawing reasonable inferences where you deem appropriate from the facts and

---

[51]     Sources:  3B Fed. Jury Prac. & Instr. § 162:320 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 82.03; 4 Modern Fed. Jury Instr.-Civil 77.01, 77-3; Fifth Circuit Modern Federal Jury Instr.-Civil § 15.2 (mod.), § 15.14.

circumstances in evidence. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

If you find in favor of TydenBrooks on any of its four claims, then you must consider and decide the amount of money damages, if any, to be awarded to TydenBrooks. TydenBrooks has the burden of proving damages by a preponderance of the evidence.

You must not award compensatory damages more than once for the same injury. For example, if TydenBrooks prevails on two claims and establishes a dollar amount for its injuries, you must not award it any additional compensatory damages on each claim. TydenBrooks is entitled to be made whole once, and may not recover more than it has lost.

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim. Although there are several defendants in this case, it does not necessarily mean that if one is liable, all or any of the others also are liable. Each defendant is entitled to fair, separate, and individual consideration of his case without regard to your decision as to the other Defendants. If you find that only one defendant is responsible for a particular injury, then you must award damages for that injury only against that defendant.

**[OBJECTION:  Plaintiff objects to Defendants' Proposed Instruction No. 31-A in its entirety.]**

## PROPOSED INSTRUCTION NO. 32:

### EFFECT OF CONSPIRACY FINDING ON DAMAGES[52]

If you find that two or more of the defendants are liable of conspiring to misappropriate TydenBrooks's trade secret, then you must find each of those defendants to be jointly and severally liable for the damages, if any, suffered by TydenBrooks. The damages you assess for a finding of liability on the conspiracy claim is not for the conspiracy itself, but for the injury to TydenBrooks resulting from the misappropriation of its trade secrets. The damages, if any, you assess for the conspiracy claim are not in addition to the damages assessed for the misappropriation of TydenBrooks's trade secrets.

**[OBJECTION: Plaintiff objects to the sentence highlighted immediately above.]**

---

[52]     Sources: *Kashi v. Gratsos*, 790 F.2d 1050, 1054-55 (2d Cir. 1986) (A finding of liability on a civil conspiracy claim exposes the defendant to joint and several liability for damages.); *Reich v. Lopez*, 38 F. Supp. 3d 436, 460 (S.D.N.Y. 2014) ("'the damage for which recovery may be had in a civil action is not the conspiracy itself but the injury to the plaintiff produced by specific overt acts'").

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 33:

## AVOIDED COSTS AS COMPENSATORY DAMAGES FOR ALL CLAIMS[53]

TydenBrooks seeks damages on each of its claims – misappropriation of trade secrets, civil conspiracy, unfair competition, and unjust enrichment – based on the Defendants' avoided costs. In other words, you may award TydenBrooks damages calculated on the basis of the benefits Defendants' derived and the development and other costs Defendants avoided by misappropriating TydenBrooks's manufacturing process. This method of assessing damages contemplates a comparison of the actual costs the Defendants incurred using TydenBrook's manufacturing process with the costs the Defendants would have incurred had they not misappropriated and/or unfairly utilized TydenBrooks's manufacturing process and developed their own process for manufacturing plastic indicative security seals from scratch.

In determining the value of the costs the Defendants avoided by misappropriating TydenBrooks's manufacturing process, you may consider the following factors:

---

[53] Sources: *Faiveley Transp. USA, Inc. v. Wabtec Corp.,* 511 F. App'x 54 (2d Cir. 2013) (awarding damages for misappropriation of trade secret based on unjust enrichment); *Wellogix, Inc. v. Accenture, L.L.P.,* 716 F.3d 867, 879 (5th Cir. 2013) (avoided development costs are proper measure of damages for misappropriation claim); *Bourns, Inc. v. Raychem Corp.,* 331 F.3d 704, 709-710 (9th Cir. 2003) (affirming award of damages based on unjust enrichment in the form of avoided development costs in misappropriation case); *Avery Dennison Corp. v. Four Pillars Enter. Co.,* 45 F. App'x 479, 486 (6th Cir. 2002) (per curiam) (misappropriation damages may be based on defendant's cost savings); *Telex Corp. v. IBM Corp.,* 510 F. 2d 894, 930-32 (10th Cir. 1975) (per curiam) (in misappropriation case, court awarded damages based on defendant's unjust enrichment through savings incurred on time and developmental costs under standard of comparison test), *cert. denied,* 423 U.S. 802 (1975), *abrogation on other grounds recognized by, Novell, Inc. v. Microsoft Corp.,* 731 F.3d 1064 (10th Cir. 2013); *Int'l Indus., Inc. v. Warren Petroleum Corp.,* 248 F.2d 696 (3d Cir. 1957) (standard of comparison approach); *Matarese v Moore-McCormack Lines, Inc.,* 158 F.2d 631, 635-36 (2d Cir. 1946) (disgorging avoided costs); *Gordon Form Lathe Co. v. Ford Motor Co.,* 133 F.2d 487 (6th Cir. 1943) (standard of comparison approach; awarding savings in overhead costs); *In re Cross Media Mktg. Corp.* No. 06 Civ. 4228 (MBM), 2006 WL 2337177, at *5, *7 (S.D.N.Y. Aug. 11, 2006) (awarding cost of developing the trade secret as damages for misappropriation and unjust enrichment claims); Restatement (Third) of Unfair Competition § 45, comment f (2000) (defendant's gains proper measure of damages in unfair competition claim based on misappropriation of trade secrets).

First, whether the Defendants realized savings in research and development costs, including the time and resources typically devoted to researching and developing a new manufacturing process, as a result of the misappropriation of and/or unfairly utilized manufacturing process.

Second, whether the Defendants gained a competitive advantage in being able to bring their plastic indicative security seals to the market earlier than competitors as a result of their knowledge and use of TydenBrooks's manufacturing process;

Third, whether the Defendants realized any savings in their operating costs, including savings from the avoidance of certain labor expenses and from increased productivity, resulting from the efficiencies of the manufacturing process misappropriated and/or unfairly utilized from TydenBrooks.

In evaluating Defendants' cost savings, you are to use the "standard of comparison" method. Under this method, you are to compare the Defendants' actual costs with the costs it would have incurred to produce the same products without the use and knowledge of TydenBrooks's manufacturing process. You should consider all of the costs the Defendants avoided that were proximately caused by their theft of the Plaintiff's trade secrets and/or information. The difference between the costs the Defendants actually incurred and the amount they would have incurred in the absence of the misappropriation and/or unfair use is the amount of damages that you should award to TydenBrooks.

Damages are assessed from the date of the misappropriation and/or unfair use through the date on which the verdict is given.

**[OBJECTION: Defendants object to Plaintiff's Proposed Instruction No. 33 in its entirety and propose alternate instructions below at Defendants' Proposed Instruction No. 33-A, 33-B, 33-C, and 33-D.]**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 33-A:

### COMPENSATORY DAMAGES GENERALLY[54]

TydenBrooks seeks compensatory damages.  If you find that TydenBrooks has proved by a preponderance of the evidence that TydenBrooks has established one or more of its claims for misappropriation of trade secrets, conspiracy to misappropriate trade secrets, unfair competition, or unjust enrichment then you are to determine the amount of compensatory damages, if any, TydenBrooks is entitled to receive.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from any of the defendants' violation of any of the plaintiff's rights.  These are known as "compensatory damages."  Compensatory damages seek to make plaintiffs whole -- that is, to compensate the plaintiff for any damage suffered. Compensatory damages are not intended to punish the defendants.

**[OBJECTION:  Plaintiff objects to Defendants' Proposed Instruction No. 33-A in its entirety.]**

---

[54]     Sources:  4 Hon. Leonard B. Sand, et al., *Mod. Fed. Jury Instr.-Civil P 77.01*, Instr. No. 77-3 (2012) (adapted); Federal Jury Practice and Instructions, §§ 127.14; 1-17 Jury Instructions in Commercial Litigation §17.15-17.17.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 33-B:

### DAMAGES CAUSED BY MISAPPROPRIATION OF TRADE SECRETS[55]

If you determine that TydenBrooks has proved by a preponderance of the evidence that the Defendants misappropriated trade secrets from TydenBrooks, you must then decide the amount of damages to be awarded to TydenBrooks, if any, against those Defendants who engaged in misappropriation, to compensate for the misappropriation. The amount of damages recoverable in an action for misappropriation of trade secrets may be measured either by the plaintiff's losses or by the profits unjustly received by the defendant.

TydenBrooks has the burden of establishing the amount of actual damages, if any, that were suffered. You may not award damages if TydenBrooks has not met its burden.

Damages may only be awarded if the misappropriation was the cause of the loss or gain. If the event would have occurred without it, an act or omission is not regarded as the cause. Rather, the defendant's conduct is considered to be the cause of an event if the event would not have occurred but for that conduct. While a defendant's wrongdoing need not be the sole cause of TydenBrooks's injury, it must have been a substantial factor in causing that injury. You may only award an amount that would fairly compensate TydenBrooks for damages proximately caused by the Defendants' use of trade secrets. You may award damages to TydenBrooks for any use the Defendants made of TydenBrooks's trade secrets up until the first day of trial. You may not award damages to TydenBrooks for any use of its trade secrets that you think might possibly occur at some time in the future.

---

[55]     Sources: 4 Hon. Leonard B. Sand, et al., *Mod. Fed. Jury Instr.-Civil P 77.01*, Instr. No. 77-3 (2012) (adapted); Federal Jury Practice and Instructions, §§ 127.14; 1-17 Jury Instructions in Commercial Litigation §17.15-17.17; *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991); *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 891 F. Supp. 935, 945 (S.D.N.Y. 1995), *aff'd in part* 118 F.3d 955, 969 (2d Cir. 1997); *Member Servs., Inc. v. Security Mut. Life Ins. Co. of N.Y.*, 06-CV-1164, 2011 WL 2133618, *3 (N.D.N.Y. May 26, 2011); *LinkCo, Inc. v. Fujitsu Ltd.*, 230 F. Supp. 2d 492 (S.D.N.Y. 2002).

Your award may include any of TydenBrooks's profits lost as a result of a Defendant's misappropriation if the misappropriation of trade secrets was a substantial factor causing the loss. This award should be limited, however, to lost profits resulting from the Defendant's actual diverting of customers from TydenBrooks.

If you cannot establish any losses, your award may include any profits earned by the Defendants that were gained because of the misappropriation. However, you may not include in an award of the Defendant(s) profits any amount that you included in determining TydenBrooks's actual losses. If TydenBrooks were entitled to the Defendant(s) profits, it would be determined by deducting all expenses from gross revenue connected with the misappropriation. Expenses are all operating, overhead, and production costs incurred in producing the gross revenue. The Defendants have the burden of proving the expenses and the portion of their profit attributable to factors other than misappropriation.

**[OBJECTION:  Plaintiff objects to Defendants' Proposed Instruction No. 33-B in its entirety.]**

73

## **DEFENDANTS' PROPOSED INSTRUCTION NO. 33-C:**

### DAMAGES CAUSED BY UNFAIR COMPETITION[56]

If you determine that TydenBrooks has proved by a preponderance of the evidence that the Defendants engaged in unfair competition, you must then decide the amount of damages, if any, to be awarded to TydenBrooks against those Defendants who engaged in unfair competition to compensate TydenBrooks for the unfair competition. The amount of damages recoverable in an action for unfair competition, if any, may be measured by TydenBrooks's lost profits suffered by reason of the Defendants' improper conduct. Your award is limited to lost profits, if any, resulting from the Defendants' actual diverting of customers, meaning the amount of profits, if any, TydenBrooks would have made but for the Defendants' wrong. Your award may not include the profits received by the Defendants. The Defendants' conduct must be a substantial factor in causing TydenBrooks's losses.

**[OBJECTION: Plaintiff objects to Defendants' Proposed Instruction No. 33-C in its entirety.]**

---

[56]    Sources: *Suburban Graphics Supply Corp. v. Nagle*, 774 N.Y.S.2d 160, 163 (N.Y. App. Div. 2004).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 33-D:

DAMAGES CAUSED BY UNJUST ENRICHMENT[57]

If you determine that TydenBrooks has proved by a preponderance of the evidence that the Defendants were unjustly enriched, you must then decide the amount of damages to be awarded to TydenBrooks against those Defendants who were unjustly enriched to compensate TydenBrooks for the unjust enrichment. The amount of damages recoverable in an action for unjust enrichment is the amount of the benefit the Defendants retained.

**[OBJECTION: Plaintiff objects to Defendants' Proposed Instruction No. 33-D in its entirety.]**

---

[57]     Sources: *Swan Media Grp., Inc. v. Staub*, 841 F. Supp. 2d 804, 809-10 (S.D.N.Y. 2012).

## **PLAINTIFF'S PROPOSED INSTRUCTION NO. 34:**

### PUNITIVE DAMAGES FOR CLAIMS OF UNFAIR COMPETITION, CONSPIRACY, AND MISAPPROPRIATION OF TRADE SECRETS[58]

In addition to the damages that are designed to compensate TydenBrooks, you

may, but are not required to, award TydenBrooks punitive damages on its claims of conspiracy

to misappropriate, misappropriation of trade secrets, and unfair competition, if you find that

circumstances justifying punitive damages are present. The purpose of punitive damages is not

to compensate the Plaintiff but rather to punish the Defendants and thereby discourage the

Defendants and others from acting in a similar way in the future.

With respect to the conspiracy and misappropriation of trade secrets claims, in

addition to compensatory damages, you may, but are not required to, award TydenBrooks

punitive damages if you find by a preponderance of the evidence that the Defendants'

misappropriation was gross and wanton. An act is gross and wanton when it demonstrates

careless disregard or indifference of its effects upon the rights of others.

---

[58]     Sources: *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985) (In the context of punitive damages, an act is "willful" if the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by [statute]" (citation omitted)); *Getty Petroleum Corp. v. Island Transp. Corp.*, 878 F.2d 650, 657 (2d Cir. 1989) (punitive damage standard for claim of unfair competition); *Paz Sys., Inc. v. Dakota Grp. Corp.*, 514 F. Supp. 2d 402, 409 (E.D.N.Y. 2007) ("An award of punitive damages is available [on a misappropriation claim] where the defendants' conduct is 'gross and wanton.'"); *Johnson v. Home Savers Consulting Corp.*, No. 04 CV 5427 (NG)(KAM), 2007 WL 925518, at *9 (E.D.N.Y. Mar. 23, 2007); (awarding punitive damages for civil conspiracy claim); *Varela v. Flintlock Constr., Inc.*, No. 01 Civ. 2736 (DLC), 2002 WL 342657, at *2 (S.D.N.Y. Mar. 5, 2002) (punitive damages may be awarded for civil conspiracy); *Greenbaum v. Handelsbanken*, 67 F. Supp. 2d 228, 262 n.21 (S.D.N.Y. 1999) (Sotomayor, J.) (In order to award punitive damages under New York law in contexts other than discriminatory action, a jury must find that defendants actions were wanton or reckless by a preponderance of evidence.); *Softel, Inc. v. Dragon Med. & Scientific Commc'ns Ltd.*, 891 F. Supp. 935, 944-45 (S.D.N.Y. 1995) (punitive damages standard in trade secret case), *aff'd in relevant part by,* 118 F.3d 955 (2d Cir. 1997); Jury Instructions in *Faiveley Transp. USA, Inc. v Wabtec Corp*, No. 10 Civ. 4062 (JSR), 2011 WL 1899730 (S.D.N.Y. May 13, 2011); James L. Buchwalter, 54 *Cause of Action* 2d 603 § 41 (2015) (punitive damages for injury caused by civil conspiracy permitted).

With respect to the unfair competition claim, in addition to compensatory damages, you may, but are not required to, award TydenBrooks punitive damages if you find by a preponderance of the evidence that the defendant you are considering acted recklessly or willfully.  An act is reckless when it demonstrates conscious indifference and utter disregard of its effect upon the rights of others.  An act is willful when the person committing it either knew or showed reckless disregard for whether its conduct was legally prohibited.

If you determine that the Defendants' conduct warrants punitive damages, you should proceed to determine the amount of punitive damages.

In arriving at your decision as to the amount of punitive damages you should consider the nature and reprehensibility of what the Defendants did.  That would include the character of the wrongdoing; whether the Defendants attempted to conceal or cover up their wrongdoing; whether the Defendants demonstrated an indifference to, or a reckless disregard of, the rights of others; whether the acts were done with an improper motive; whether the acts constituted outrageous or oppressive intentional misconduct; how long the conduct went on; the Defendants' awareness of what harm the conduct caused or was likely to cause; and the actual and potential harm created by Defendants' conduct.

The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by the Plaintiff.  The reprehensibility of the Defendants' conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by the Plaintiff.

In reporting your verdict, you will state the amount awarded by you as punitive damages.

**[OBJECTION:  Defendants object to Plaintiff's Proposed Instruction No. 34 in its entirety and object to any instruction including, or referring to, punitive damages throughout this**

77

document. If a punitive damages instruction is permitted by the Court, against Defendants' objection, Defendants propose the alternate, contingent instruction below at Defendants' Proposed Instruction No. 34-A.]

## **DEFENDANTS' PROPOSED INSTRUCTION NO. 34-A:**

## PUNITIVE DAMAGES[59]

TydenBrooks also seeks punitive damages with respect to its claims for misappropriation of trade secrets, conspiracy to misappropriate trade secrets, and unfair competition claims. Punitive damages are not available under the claim of unjust enrichment. If you should find that TydenBrooks has proved by a preponderance of the evidence that it is entitled to a verdict for actual or compensatory damages for misappropriation of trade secrets, conspiracy to misappropriate trade secrets, or unfair competition, you may -- but are not required to -- award TydenBrooks punitive damages in addition to awarding damages to compensate TydenBrooks for its injuries.

The purposes of punitive damages are different from the purposes of compensatory damages. Compensatory damages are intended to compensate a plaintiff for the actual injury or loss a plaintiff suffered as a result of unlawful misconduct. In contrast, punitive damages are intended to punish a defendant for malicious conduct against a plaintiff or callous disregard for a plaintiff's rights and to deter the defendant and others from committing similar acts in the future. Malicious conduct is intentional wrongdoing in the sense of an evil-minded act. If you do not find that TydenBrooks has proved by a preponderance of the evidence that an award of punitive damages will accomplish the dual purposes of punishment and deterrence, then you must not award punitive damages.

Punitive damages are an extraordinary sanction, available only under aggravated circumstances, to penalize a party for engaging in notably reprehensible conduct. Punitive damages are available in a limited number of cases because their purpose is not to remedy

---

[59]     Sources: Federal Jury Practice and Instructions, §§ 127.15; 4 Hon. Leonard B. Sand, et al., *Mod. Fed. Jury Instr.-Civil P 77.01*, Instr. No. 77-3 (2012) (adapted); 1B New York Pattern Jury Instructions, Civil PJI 2:278 (3d ed. 2012).

private wrongs but to vindicate public rights. The law does not look with favor upon punitive damages.

Punitive damages are appropriate only for especially shocking and offensive misconduct, where the defendant has exhibited a very high degree of moral culpability. To support an award of punitive damages, you must find that TydenBrooks has proved by a preponderance of the evidence that the Defendants' acts were willful, wanton, and malicious. An act is willfully done if done voluntarily and intentionally and with the specific intent to commit such an act. An act is wantonly done if done in careless disregard of, or indifference to, the rights of the injured party. An act is maliciously done if it is done deliberately, with knowledge of another's rights, and with the intent to interfere with those rights. Additionally, the wrong that has been entailed must be an outrageous public wrong, that is, it was part of a pattern directed at the public generally.

If you determine that TydenBrooks has proved that one or more of the Defendants' actions were intentional, willful, and malicious, and that the Defendants committed an outrageous public wrong, you may choose to award punitive damages within your discretion - - you are not required to award them. The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by TydenBrooks and to the compensatory damages you award to TydenBrooks. The reprehensibility of the defendant's conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by the plaintiff and the compensatory damages you have awarded the plaintiff.

**[OBJECTION:  Plaintiff objects to Defendants' Proposed Instruction No. 34-A in its entirety.]**

## **DEFENDANTS' PROPOSED INSTRUCTION NO. 35:**

### OBJECTIVE BASELESSNESS[60]

The Defendants have alleged this lawsuit is objectively baseless such that no reasonable

litigant could have realistically expected success on the merits at the time the lawsuit was filed.

A lawsuit is objectively baseless where it is not warranted by existing law, and where the

plaintiff does not have evidentiary support for its claims.

**[OBJECTION:  Plaintiff objects to Defendants' Proposed Instruction No. 35 in its entirety
and objects to any instruction including, or referring to, Defendants' counterclaims during
Phase I of the trial, including its counterclaim that Plaintiff's lawsuit is objectively baseless.
If the Court permits a jury instruction on the "objective baselessness" claim, then Plaintiff
proposes an alternate instruction below at Plaintiff's Proposed Instruction No. 35-A.]**

---

[60]     Sources:  *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*,
508 U.S. 49 (1993).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 36-A:

### OBJECTIVE BASELESSNESS[61]

Defendants have alleged that TydenBrooks's lawsuit is objectively baseless. A lawsuit is objectively baseless if no reasonable litigant could have realistically expected a favorable outcome. A winning lawsuit by definition cannot be objectively baseless. Even an unsuccessful lawsuit is not objectively baseless if the party had a reasonable basis for bringing the lawsuit.

If you find that any reasonable litigant in TydenBrooks's position could have believed that it had some chance of winning its claims against the defendants at the time the lawsuit was filed, then you must conclude that the lawsuit was not objectively baseless.

**[OBJECTION:  Defendants object to Plaintiff's Proposed Instruction No. 35-A in its entirety.]**

---

[61]    Sources: *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 60, 60 n.5, 65 (1993) (objective baselessness).

## IV.    CLOSING INSTRUCTIONS

### PROPOSED INSTRUCTION NO. 37:

### DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide this case for yourself, but only after an impartial consideration of the evidence in this case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.[62]

---

[62]    3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 106.01 (6th ed. 2014).

## **PROPOSED INSTRUCTION NO. 38:**

### ELECTION OF FOREPERSON—GENERAL VERDICT

Upon retiring to the jury room, you will select one member of the jury to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.[63]

A verdict form has been prepared for your convenience.

[Read verdict form].

You will take this form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

---

[63]    Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 106.04 (6th ed. 2014).

## PROPOSED INSTRUCTION NO. 39:

### VERDICT FORMS – JURY'S RESPONSIBILITY

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.[64]

---

[64]    3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions - Civil* § 106.07 (6th ed. 2014).

## PROPOSED INSTRUCTION NO. 40:

### RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH THE COURT

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.[65]

---

[65] 4 L. Sand et al., *Modern Federal Jury Instructions - Civil* § 78.01 (2014).